Per Curiam.

The statute gives the Court jurisdiction only in the county where the parties live. This is an attempt to evade the statute, and must not be countenanced. Without deciding the *148 case, where the party charged with adultery shall have left his or her domicile, we are clearly of opinion that, in this case, where the party complaining has only changed his residence, and the other party continues at the place of her former dwelling, the libel ought not to be sustained in the county where the former resides.(a)

Libel dismissed.

 Moore vs. Moore, ante, 117. — Et vide Lane vs. Lane, post, 167. — Squire vs Squire, 3 Mass. Rep. 184. — Merry vs. Merry, 12 Mass. Rep. 312.