The opinion of the Court (a) was now delivered by
Jackson, J.
The objection to this indictment is, that the offence complained of is not alleged to have been committed against the form of the statute, &c. In the case of the Commonwealth vs. Springfield., cited in the argument, á like defect in an indictment, founded on the same statute, was held by this Court to be fatal. The authority of that case is now to be questioned. But it is contended that, in this indictment, the words “ against the law in such case provided ” are equivalent to those which are here omitted, and supply the want of them.
The use of the allegation mentioned is, to show that the prosecution proceeds upon a statute, in contradistinction to the common law. It may be going too far to say that no other form of words can be devised which would be equivalent to contra formam statuti; but it is certain that no words would be sufficient, unless they clearly and explicitly refer to the statute as the foundation of the suit.
In the case of Lee vs. Clarke, (2) which was an action of debt for *258 a penalty on the game laws, the declaration, after setting [*281 ] forth the offence, concluded, “whereby and by * force of the statute in that case made and provided, an action hath accrued,” &c. On the plea of nil debet, the plaintiff had a verdict and judgment; but the judgment was reversed upon a writ of error, because the act complained of not being an offence at common law, it should have been distinctly and explicitly alleged that it was committed against the form of the statute.
Indictments certainly do not require less strictness and technical precision than declarations in civil actions upon a penal statute, and in the case cited, the reference to the statute is much more clearly expressed than in the indictment now under consideration. Every indictable offence must have been committed against some law of the commonwealth; and the averment in this case leaves it entirely uncertain whether the offence charged was committed against the statute or the common law.
This strict adherence to technical forms may be inconvenient in particular cases, and may even appear, at times, to be beneath the dignity of the law and of the courts of justice. But if we felt ourselves authorized, and should undertake, to relax the rules of pleading heretofore established, there will be a point at which we must stop at last. It is essential to the correct administration of justice that some certain forms and methods of proceeding should be observed. And whatever alterations should be made from the present forms, it would not afterwards be found more easy to comply with them than with those which have been so long known and settled; nor would the inconvenience be less than is now experienced, when indictments or other proceedings should be quashed or reversed for a departure from such new forms, (a)

Indictment quashed.

 Note. — Dewey, J., was of counsel in this cause when at the bar, and of course did not sit in the hearing.

 2 East, 333.

 Commonwealth vs. Morse, 2 Mass. Rep. 153.— Commonwealth vs. Hooper, 5 Pick. 42.— Commonwealth vs. Gay, 5 Pick. 44. — In regard to the conclusion of an indictment, see the rules laid down and the cases cited in Archbold's Plead. Crim. Cases, 4th ed. by Jervis, 52, 53.