Parker, C. J.
The question to be decided in this case is, whether the matter contained in the plea is a sufficient bar to the action. And we are satisfied that it is. For although, by law, the cause of action survived, yet we think that it was not a duty of the administrator of the plaintiff in replevin to enter and prosecute the action at the Supreme Judicial Court, until summoned thereto by the defendant in that suit; who might by process have compelled the administrator to come in, or, in case of his default, after notice, he would have had judgment for a return of the chattels replevied, and would have recovered his damages out of the goods and estate of the deceased, in the administrator’s hands. And if judgment had not been otherwise satisfied, he might then have resorted to his action upon the bond.
The writ, by the common law, abated by the death of the plaintiff; and by our statutes, although the cause of action survived, the action itself could only be restored by the act of the executor or administrator, if he voluntarily came in, or of the defendant, if, upon suggestion of the death of his adversary, he had moved for a citation against them.
If the facts would have admitted of it, the present plaintiff, who was defendant in the replevin suit, should have replied a judgment recovered, after notice to the * administratorand if no administration had been granted, as has been suggested, he should have applied to the judge of probate, for letters of administration to some one who could have answered to the suit. As the case now stands, he has not answered the plea in bar, which is a good defence unanswered, and judgment must be against him.

Plea in bar adjudged good.