## COMMONWEALTH *versus* JAMES MOORE.

Upon a complaint under *St.* 1785, *c.* 66, § 2, (Revised Stat. *c.* 49, § 1,) for the main-
tenance of a bastard child, evidence that the general character of the complainant
for chastity, previous to her connexion with the respondent, was bad, and that she
had previously had frequent criminal intercourse with other persons, is not admissible
for the purpose of impeaching her credit as a witness.

In such a prosecution the complainant entered her complaint in the Court of Common
Pleas by attorney, but pleaded by guardian; and upon *certiorari* after judgment it
was presumed that she was of age, the contrary not appearing and not being infer-
rible from her pleading by guardian.

Such a complaint purporting to be made pursuant to the statute, but not concluding
with *contra formam statuti*, was held sufficient.

If a case is brought before this Court by exceptions to the directions of the Court of
Common Pleas and this Court refuses to take cognizance of the exceptions, it is
competent to the Court of Common Pleas to bring the case forward by entering the
continuances, and to enter up judgment.

Upon *certiorari* it will be presumed, in favor of such judgment, that the case was not
brought forward without notice to the party who took the exceptions, nothing to the
contrary appearing on the record

AT the Court of Common Pleas holden at Springfield in
March 1824, a complaint was made, pursuant to *St.* 1785, *c.*
66, § 2, by Sally S. Gile against Moore, as the father of a
bastard child of which she had been delivered. A trial was
had at the succeeding term in August, and a verdict was
returned against the respondent. He thereupon excepted to
the directions of the judge, but this Court, at September term
1824, refused to take cognizance of the exceptions. [See
2 Pick. 386.] The Court of Common Pleas afterward or-
dered the action to be brought forward and the continuances
to be entered, and the respondent was adjudged to be the
reputed father of the child, and an order was passed that he
should pay certain sums to the mother for its maintenance.

And now upon the return of a *certiorari* to the Court of
Common Pleas, *E. H. Mills* and *Boies*, for the respondent,
objected, 1 that the complainant presented her complaint and
appeared by attorney, although she was under twenty-one years
of age. [*Parker* C. J. Does it appear by the record that
she was an infant?] It is a sufficient answer to that question,
that she pleaded by guardian and the reason of appointing a
guardian, which ought to be shown, does not appear. 2. At
the term of the Court of Common Pleas in August 1824, the

cause was removed to this Court, and thereupon all proceedings in the lower Court were discontinued, and it ceased to have any further cognizance of the cause ; nevertheless, at March term 1825, without giving Moore any notice, or any opportunity to be heard, it proceeded to adjudge and order as above mentioned. Because the action was brought here improperly, by mistake of the counsel, it does not follow that the lower Court retained any control over it. The clerk's bringing it forward on his docket was irregular, and of no effect. It will be contended that it was continued under a general order, that all matters not finally acted on by the court should be continued ; but it does not appear that any such general order was passed. It was irregular to proceed without notice to the respondent, since he had a right to be heard in regard to the amount to be allowed to the complainant. 3. The complaint is founded on a penal statute, and it is defective in not alleging at the conclusion, that the offence was against the form of the statute. 4. On the trial, the respondent offered to prove that the general character of S. S. Gile, the complainant and witness in the prosecution, for chastity, was bad, and had been so for a long time previous to her alleged connexion with the respondent, and that for a long time previous other persons had had frequent criminal intercourse with her. This evidence was improperly rejected. The party herself was a witness, made so by the statute, and the Court will not suffer the common law to be infringed any further than the statute absolutely requires. The evidence rejected ought to have been received as well for the purpose of impeaching her credit, as of showing that the respondent was not the father of the child. In an action by a parent for debauching a daughter, where she is a witness, evidence of her general reputation for chastity, or of particular instances of unchastity, is admissible

*Bates contrà.* 1. It does not appear that the complainant was an infant, and if it did, by joining issue on the merits the objection is waived. There is a distinction between an infant plaintiff and an infant defendant, in respect to appearing by attorney. *Foxwist* v. *Tremaine,* 2 Saund. 212 ; 1 Chit. Pl. 437 ; *Schermerhorn* v. *Jenkins,* 7 Johns. R. 373.

Common-
wealth
*v.*
Moore.

196

Common-
wealth
*v.*
Moore.

2. This Court having dismissed the exceptions, the cause stood in the same situation as if no exceptions had been filed. It is said that the general order for continuances does not appear ; but as it is the constant usage of the Court of Common Pleas to pass such an order, it may be assumed that it was done in this instance. If however there was no general order, the court had power to make a special order to bring the case forward. Com. Dig. *Pleader V*, 4. It is to be presumed that the respondent had notice, the contrary not appearing on the record. 3. If it was necessary to set forth that the prosecution was founded on the statute, it is so alleged in the complaint. 4. The statute makes the party a witness and her testimony is to be impeached like that of other witnesses. Evidence of her criminal intercourse with other persons within the period in which she might become pregnant, was admitted, because it would show that she could not know who was the father of her child. In an action for debauching a daughter evidence of her previous unchastity is received in mitigation of damages, and not to impeach her credibility. *Commonwealth* v. *Murphy*, 14 Mass. R. 387, applies only to the case of a common prostitute's being offered as a witness ; and see *Jackson* v. *Lewis*, 13 Johns. R. 504.

*May term 1826, at Springfield.*

WILDE J. delivered the opinion of the Court. The evidence offered by the defendant below, to impeach the credit of the principal witness, was, we think, properly rejected. Evidence to impugn the character of a witness is commonly to be confined to his general character for veracity. In the case of *Commonwealth* v. *Murphy*, 14 Mass. R. 387, the inquiry was further extended ;[1] but public justice does not require a still greater relaxation of the general rule. Besides, the evidence rejected was immaterial, the witness's character for chastity being sufficiently impeached by her own confes-

---

[1] 2 Stark. Ev. (late ed.) 216, n. 1. A witness may be impeached by showing that he was intoxicated at the time the events occurred to which he is called to testify. *Tuttle* v. *Russell*, 2 Day, 201. General character for drunkenness is not admissible. *Aliter*, as to the fact. *Brindle* v. *M'Ilvaine*, 10 Serg. & Rawle, 282 ; Roscoe on Crim. Evidence, 135, 136.

Neither is the complainant bound to answer the question, whether she has had intercourse with another man, who might have been the father of the child. *Tilson* v. *Bowley*, 8 Greenl. 163.

·on ; so that if the evidence had been admitted, it would have made no difference in the verdict.    *Rex* v. *Teal*, 11 East, 311.    The evidence however was clearly inadmissible.

Common-<br>wealth<br>*v.*<br>Moore.

Another error assigned is, that the complainant, being a minor, nevertheless appeared by attorney ; but the fact that she was a minor does not appear, and is not to be inferred from her pleading by guardian, because a guardian might have been appointed for some other cause besides minority.[2]

Nor is it error that the complaint does not conclude *contra formam statuti.*[3]    This was not a prosecution for a penalty, but one of a peculiar character ;[4] and it is sufficient that all the requisitions of the statute, as to the form of the proceedings, have been complied with.    The accusation, examination and complaint, are all in common form, and such as have been sanctioned by long established practice.

As to the supposed discontinuance of the suit, we are of opinion that it was competent for the Court to order the continuances to be entered, and that the proceedings in this respect are legal and regular.    The claim of the defendant below to remove the cause, as by appeal, into this Court, and the proceedings thereon, were a nullity.    When this Court refused to take congizance of the action, it became the duty of the Court below to enter judgment.[5]

But it is objected, that the process could not be brought

---

[2] But if an infant appear in person and not by guardian or prochein ami, it is error in fact.    *Castledine* v. *Mundy,* 1 Nev. & Man. 635; *S. C.* 4 Barn. & Adol. 90.

[3] See *Reed* v. *Northfield,* 13 Pick. 94.    *Quære,* whether the words " *contra formam statuti,*" can be supplied by any other words of equivalent import. *Barter* v. *Martin,* 5 Greenl. R. 76; *MᶜKeon* v. *Caherty,* 1 Hal' 300 ; *Thistle-wood* v. *Cracroft,* 1 Maule & Sel. 500.    But see *Att.-Generai* v. *Rattenburg,* 9 Price, 397; *Commonwealth* v. *Stockbridge,* 11 Mass. R. 279 ; *Commonwealth* v. *Caldwell,* 14 Mass. R. 330.

The omission of the words " *contra formam statuti,*" when proper to be inserted, is fatal even after verdict.    *Lee* v. *Clarke,* 2 East, 333; *Myddelton* v. *Wynn,* Willes. 599; *Thistlewood* v. *Cracroft, ubi supra ; Welles* v. *Iggulden,* 3 Barn. & Cressw. 186.

[4] A complaint by a woman under the bastardy act, (*St.* 1785, *c.* 66; Revised Stat. *c.* 49;) accusing a man of being the father of her bastard child, though in some respects in the form of a criminal prosecution, is in substance and ffect a civil suit.    *Wilbur* v. *Crane* 13 Pick. 284.

See Howe's Pract. 400.

Common-
wealth
*v.*
Moore.

forward, and the continuances duly made, without notice to the defendant. It does not however appear by the record that notice was not given ; and in favor of a judgment it is to be presumed that the proceedings were regular, nothing to the contrary appearing on the record. It is not necessary that there should be any record of the notice.

Therefore, as no error appears on the record, the proceedings must be affirmed.