Cleaves *v.* Jordan.

---

## CLEAVES *versus* JORDAN.

Each chapter of the Revised Statutes is itself a statute.

Thus, the chapter 30, entitled "Of Pounds and Impounding Beasts," is a statute, and may, in penal suits, be referred to as a statute of the State.

In a penal suit upon that statute, an allegation that the act complained of was committed contrary to an Act of the State entitled, "Of Pounds and Impounding Beasts," is equivalent to an allegation that the act was committed contrary to the form of the statute.

ON DEMURRER.

Debt, to recover a penalty, not less than five nor more than twenty dollars, for rescuing swine taken up to be impounded. The declaration alleges that the swine were going at large without a keeper, "contrary to an Act of the State entitled, Of Pounds and Impounding Beasts," and that the rescue was "contrary to the Act aforesaid."

The defendant filed a general demurrer, to which there was a joinder.

*Shepley* and *Hayes*, in support of the demurrer.

The act complained of was not an offence at common law. At the common law, *pound breach* was an offence; but as to cattle, *taken upon the highway*, it was lawful to *rescue* them, before they were impounded, even on their way to the pound. 3 Black. Com. 12, Portland Ed. of 1807.

The swine were not *distrained*, but were taken up for the purpose of obtaining a penalty. Such a proceeding was unknown to the common law.

1. The plaintiff's declaration is defective in substance, in not alleging that the acts of the defendant, which are the foundation of this suit, were committed " contrary to the form of the statute in such case made and provided."

The 38th § of c. 172, of the R. S. has rendered this allegation unnecessary in *indictments and complaints;* but the rule, which has so long made it essential *in penal actions* founded on statutes, has never been abrogated or modified by statute or relaxed by the Courts.

In *Heald* v. *Weston*, 2 Greenl. 348, a judgment was reversed, because there was no allegation in the original writ, that the offence was committed "against the form of the statute in such case made and provided."

In *Barter* v. *Martin*, 5 Greenl. 76, it seems to be doubted whether in an action upon a statute, the omission of the words *contra formam statuti*, can be supplied by other words of equivalent import. In that case the Court also say that " the use of this phrase has in so many cases been held to be *mat-*

*ter of substance,* that it seems to be too late to question their authority.

The same rule is also recognized in *Palmer* v. *York Bank,* 18 Maine, 166.

In *Hobbs* v. *Staples,* 19 Maine, 219, it was held that the judgment in an action for a penalty given by statute is erroneous, if it do not state the offence to have been committed against the former statute.

In *Nichols* v. *Squire,* 5 Pick. 168, it was held that a declaration upon a penal statute alleging, that *by force of the statute* an action had accrued, but not alleging that the offence had been committed *contra formam statuti,* is insufficient. In that case, the Court remark, that " as all penal actions partake of the nature of a criminal prosecution for an offence, it may be good policy to require strictness in the proceedings."

In *Haskell* v. *Moody,* 9 Pick. 162, it was held that in penal actions the declaration must conclude with *contra formam statuti,* or something equivalent, and that it is not sufficient to say " an action hath accrued to the plaintiff by force of laws and Acts aforesaid."

The same rule is reiterated in *Reed* v. *Northfield,* 13 Pick. 99.

Indeed, this rule is too well established to need further citation.

We submit, then, that the words used in the declaration were not equivalent to the words "*contra formam statuti,*" and that therefore the declaration is bad.

2. The declaration *does* contain the words " contrary to an Act of the State, entitled of Pounds and Impounding Cattle." And it is rendered bad, because it *does* contain them. The words of themselves constitute a defect in substance, in the declaration, because no such Act has ever existed in this State as an Act entitled " of Pounds and Impounding Beasts."

The volume, known as the Revised Statutes of Maine, contains an Act for revising the public laws of the State ; — an Act to amend the Revised Statutes ; — an Act passed at

the extra session in 1840 ; — several Acts passed in the year 1841 ; — and the general repealing Act ; but it contains no Act entitled " of Pounds and Impounding Beasts."

The Act of revision is entitled, " an Act for revising, arranging and amending the public laws of the State." This Act includes twelve titles with 178 distinct chapters ; and these twelve titles, with their subdivisions of 178 chapters, compose together *but one Act, entitled* " an *Act* for revising, arranging and amending the public laws of the State."

The distinct chapters of this Act are not themselves Acts, any more than are the distinct sections of a public law.

At the commencement of this suit, there was no Act, entitled " Of Pounds and Impounding of Beasts," and its allegation is that the act of the defendant was contrary to an Act which never existed. The action therefore seeks to recover a penalty by force of a statute nihility.

*Emery* and *Loring*, for the plaintiff.

WELLS, J. — It is contended on the part of the defendant, that the declaration is bad, because it is not alleged, that the offence was committed against the form of the statute. The allegation, after describing the offence, is, " contrary to an Act of the State, entitled Of Pounds and Impounding Beasts."

The statute c. 172, § 38, relates to indictments and complaints, and does not include penal actions. They were probably omitted from inadvertence, for it can hardly be supposed that the Legislature intended to require less strictness in criminal than in civil proceedings.

In the case of *Lee* v. *Clark*, 2 East, 333, it is said by LAWRENCE, J., that the reason why the count should conclude *contra formam statuti* is, " that every offence for which a party is indicted is supposed to be prosecuted as an offence at common law, unless the prosecutor, by reference to a statute, shows he means to proceed upon it, and without such express reference, if it be no offence at common law, the Court will not look to see if it be an offence by statute." And it is further said in the same case, as the ultimate opinion of the Court, " that in

all cases, where the action is founded on a statute, it is necessary in some manner to show that the offence on which you proceed is an offence against the statute."

But no exact and precise form of words could be necessary; any language, which clearly communicates the idea, would be a compliance with the rule. Hence it is said by STORY, J. in the case of the *United States* v. *Smith*, 2 Mason, 150, "all that is required is, that some phrase should be used, which shows that the offence charged is founded on some statute." *Commonwealth* v. *Stockbridge*, 11 Mass. 279.

The language of the plaintiff's declaration very clearly indicates, that the action is founded on a statute, and for an offence committed in violation of it.

It is contended by the defendant's counsel, that "chapter 30, of Pounds and Impounding Beasts" cannot be called an Act, but only a chapter of an Act, by which the statutes were revised. But although in the arrangement of the statutes, it is called a chapter, still it is an Act of the State. Each chapter is a statute or Act upon the subject to which it relates.

The demurrer must be overruled and the declaration adjudged good.

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J., concurred.