# SUPREME COURT.

## WILLIAM H. BORTEL agt. WARREN OSTRANDER.

An action against a *constable* for the recovery of overplus moneys collected by him on execution, cannot be sustained, where the action is brought before the *return day* of the execution, and where *no demand* of such moneys has been made. The action is premature.

*Albany General Term, December*, 1857.
W. B. WRIGHT, I. HARRIS *and* G. GOULD, *Justices.*
THIS action was commenced on the fourth day of January, 1856, in a justice's court, against the defendant, a constable,

Bortel agt. Ostrander.

for the recovery of $10.57 overplus moneys collected by him on an execution against this plaintiff.

It was admitted on the trial, that on the 26th day of December, 1855, the defendant being a constable, &c., sold the property of the plaintiff on an execution against him in favor of Matthew Taber. That he received on such sale the sum of $10.57, over and above the amount of judgment and fees, for collection. On this evidence, the justice rendered judgment in favor of defendant for costs.

On appeal, the county court affirmed the judgment, on the ground, "that there was no evidence of an intention on the part of the constable to withhold the overplus from the judgment debtor."

J. F. CRAWFORD, *for appellant:*

The evidence on the trial was sufficient to sustain the action.

It is provided by statute, "that the constable shall return the execution and pay the debt or damages and costs levied, to the justice who issued the same, returning the overplus, if any, to the person against whom the execution issued. (2 *R. S. 3d ed.* 347, § 349.)

Section 164 of the same statute, gives an action of assumpsit against a constable for moneys not paid over according to law.

No proof of *demand*, made before suit, for the payment of the money, was necessary. (*Dygert* agt. *Crain*, 1 *Wendell R.* 534; *Brewster* agt. *Van Ness*, 18 *Johnson R.* 133; *Lyttle* agt. *Hoyt*, 5 *Hill R.* 395.)

There can be no injustice in the application of the rule to this case. Plaintiff waited six days after the constable had paid over to Taber the amount going to him, before commencing suit.

There is no evidence to warrant the presumption suggested by the county judge, that the defendant in this execution might have resided in a foreign county, inaccessible to the constable,

or that he might have purposely kept concealed or out of the way of the constable.

A man is presumed to reside where he is sued. (9 *Barbour*, 60.)

It is not to be presumed that any man has acted fraudulently. (1 *Phil. Ev.* 451.)

If there was any special circumstances taking this case out of the general rule, it belonged to the constable to show it, by way of defence.

The statutory provision giving the constable sixty days in which to return the execution has relation to the rights of the plaintiff, and not the defendant in the execution. It declares the liability of the constable to the plaintiff, but does not in any respect affect the rights of the defendant or justify the constable in withholding from him the overplus moneys actually collected.

J. O. MOTT, *for respondent:*

I. The action was prematurely brought; the time in which to return the execution had not yet expired.

1. The manner in which a constable shall sell goods and chattels, is directed by statute; and in the same section it is provided, that the constable shall return the execution and pay the debt or damages and costs levied, to the justice who issued the same, returning the overplus, if any, to the person against whom the execution issued. (2 *R. S.*, 4th ed., p. 448, § 131.)

2. Every execution issued by a justice of the peace, shall be dated on the day when it actually issued, and shall be returnable sixty days from the date of the same. (2 *R. S.*, 4th ed. p. 447, § 127; *subdivision* 12 *of* § 64 *of the Code.*)

3. A constable has five days after the return day of an execution, in which to pay over money collected upon an execution; consequently, no action can be maintained until the sixty-five days from the date of the justice's execution have expired. (2 *R. S.* 4th ed. p. 449, § 142.)

4. The constable had the same length of time in which to

return the *overplus*, as to pay the *debt or damages and costs.* (*Subdivision* 12 *of* § 64 *of the Code ;* 2 *R. S. 4th ed. p.* 448, § 131; 2 *id. p.* 447, § 127 ; 2 *id. p.* 449, § 142.)

5. A party cannot compel an officer to return an execution until after the expiration of the return day of the process. (*Morange* agt. *Edwards,* 1 *Smith N. Y. C. P. Rep ; Wilson* agt. *Wright,* 9 *How. Pr. Rep.* 460 ; *see rule* 6 *of Supreme Court Rules.*)

6. The execution is regular upon its face ; (*Bander* agt. *Burley,* 15 *Barb. S. C. R.* 404 ; *Price* agt. *Shipps,* 16 *id.* 585 ;) but no objection was made to the validity of the execution, or any proceeding of the constable, up to and including the sale. The plaintiff expressly sanctions the proceedings, by bringing this action for the overplus.

II. In order to maintain an action for overplus moneys in the hands of a constable, arising from a sale of property by virtue of an execution, it is necessary to make a demand upon the officer for its payment, before suit.

1. A person to be eligible to the office of constable, must be *an elector* of the town for which he is chosen.[a] (1 *R. S. 4th ed. p.* 654, § 31.)

2. *An elector* must be a resident of the district or town in which he votes. (*Article* 2, § 1 *Constitution of* 1846.)

By the court—GOULD, Justice. All the facts in this case are admitted, and are as follows : On the 17th of December, 1855, the defendant (a constable) received an execution from a justice of the peace, against the property of the present plaintiff ; which execution was returnable in sixty days, (February 13th, 1856.) On the 21st of December, 1855, the constable under said execution made a levy on two cows; on the 29th of December, 1855, he sold one cow, for a sum which exceeded the execution and his fees, by $10.57. At some time prior to the day of trial of this suit, the constable paid to the plaintiff in that execution, the amount due to him. On the 4th day of January, 1856, this present plaintiff commenced against the constable this suit, for the $10.57 surplus moneys, on the sale

Bortel agt Ostrander.

of the cow. The justice gave judgment for the defendant; which judgment the county court affirmed, (on appeal, by plaintiff,) on the ground that the action was prematurely brought, as the return day of the execution had not arrived, nor had the plaintiff made any demand of the surplus moneys. From that judgment of the county court the plaintiff appeals to this court.

The cases cited by plaintiff, are all instances where sheriffs having executions of courts of record, had allowed the *return* day to pass, and had neither paid the moneys into court, (as in such courts they may,) nor paid them to the party whose they were. There indeed, there can be no doubt that a *demand* was not necessary before suit, as the officer by *doing his duty and paying the money into court*, could have discharged himself from all liability. But here the case is entirely different. The justice could not receive this money : nor could any one but the plaintiff. · *When* was the constable, (where no *demand* was made on him,) bound to pay it? By 2 Revised Statutes, (4th ed.,) p. 448, § 131, he must return the execution, pay debt, &c., to justice, "*returning* the overplus," to the defendant in the execution. This "returning," does not precede the return of the execution, but follows it; and for the return of the execution he has till the return day ; until which day, even though he has collected the money, he is not obliged to make his return. To be sure, in this case, he actually was very prompt in doing his duty, and did have the execution satisfied before this *trial.* Though it does *not* appear anywhere in the case, that the execution was *actually returned* before the trial of this cause. I can see no possible ground of accusing the officer of any actual neglect of duty; and I fully concur with both county court and justice, in saying that, where the return day was not past, and no demand of the surplus moneys had been made, the plaintiff's action was prematurely brought.

     County court judgment affirmed.

NOTE.—In the case of *Vence* agt. *Vence, ante, page* 497, the order was appealed from, and the appeal argued at the May general term, 1858, at Elmira, before *Justices* GRAY, MASON, BALCOM *and* CAMPBELL, and the order affirmed.