ELIZABETH LYON, RESPONDENT, *v.* WILLIAM E. LYON, APPELLANT.

*Place of trial — is to be determined by the residence and not the domicil of the parties — Code of Civil Procedure, sec. 984 — Right of the wife to have a domicil apart from her husband.*

This action was brought by the plaintiff against the defendant, her husband, to recover money alleged to have been received by him for her. At the time of the commencement of the action the defendant was, and for many years previous thereto he had been a resident of the county of Kings. The plaintiff was at that time, and since July, 1881, had been a resident of Middletown, Orange county, living apart from her husband under an agreement of separation. She claimed to have left him on account of his cruelty and ill-usage.

*Held,* that an application to change the place of trial from the county of Orange to the county of Kings, made by the husband, upon the ground that his domicil, and therefore that of his wife, was there fixed, was properly denied.

The distinction between residence and domicil is recognized by the Code of Civil Procedure, and it is the residence and not the domicil of the parties which determines the place at which the action should be tried.

APPEAL from an order made at a Special Term, denying a motion to change the place of trial of this action. The action was brought

by the plaintiff to recover her interest in her father's estate, which she claimed to have intrusted to the defendant, her husband, for safe keeping.

*Charles H. Woodbury*, for the appellant.

*William Vanamee*, for the respondent.

Pratt, J. :

This is an appeal from an order denying a motion to change the place of trial of the action from Orange to Kings county. The plaintiff and defendant are husband and wife. The defendant is a resident of Kings county and claims that the domicil of his wife is there also. Section 984 of the Code, which regulates the place of trial of actions in the cases to which this belongs, provides that the residence of the parties controls.

The cases make a distinction between residence and domicil ; the domicil of a person may be in one place and his residence in another. (*Frost* v. *Brisbin*, 19 Wend., 11; Bouvier's Law Dict., tit., "Residence.") The section of the Code referred to makes the residence of the parties the controlling fact in fixing the place of trial. This means actual residence and not necessarily the domicil of one of the parties. (*Vence* v. *Vence*, 15 How. Pr., 497.)

The respondent was, at the commencement of this action, and has been since July, 1881, a resident of Middletown, Orange county, living apart from her husband under an agreement of separation. She was, therefore, correct in her practice in laying the venue of her action in Orange county.

It appears that the defendant committed an assault and battery upon his wife which resulted in the separation referred to. This course on his part justified her in leaving his home and establishing a separate domicil. Folger, J., in *Hunt* v. *Hunt* (72 N. Y., 217 [242]), in speaking of the legal presumption that the domicil of husband and wife are the same, says : "There are, however, exceptions to the rule ＊ ＊ ＊ so that in certain cases a married woman may have a domicil in another jurisdiction than that of her husband. This is so ＊ ＊ ＊ when the conduct of the husband has been such as to entitle the wife to an absolute or limited divorce. She

may acquire a separate domicil whenever it is necessary for her to do so."

It is clear, therefore, that the plaintiff not only resided but was domiciled in Orange county at the commencement of this action.

The order appealed from should therefore be affirmed, with costs and disbursements.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order refusing to change place of trial affirmed, with costs and disbursements.