both by special agreement in this case and by common custom, where property was sold as was this, with an agreement for a builder's loan, the broker was only to be paid when the purchaser had earned his first payment, in this instance, when the second tier of beams was laid. To sustain their contention respecting the custom, defendants testified themselves, one from a year's, and the other from twelve years' experience as dealers in real estate, to such a habit in their own transactions, and to having heard of such a custom from others. For them also testified another witness as to such custom, but he admitted on cross-examination that in all of the instances of this character of which he had known, there had been a special agreement to this effect. Neither the defendants nor their witness gave evidence of anything to show the existence of a valid custom. The plaintiff's witness and assignor denied the alleged agreement. Upon this conflict of evidence respecting the one issue in the action, the justice presiding at the trial, in submitting the case to the jury, properly charged that if, at the time the sale was effected, there was no special agreement in respect to a commission, the verdict should be for the plaintiff for $95; but if, on the other hand, there was an agreement between Marks and the Boehms that the commission should not be payable until the second tier of beams was up, the verdict should be for the defendants. To this part of the charge, the defendants excepted, and upon that exception, principally rests their appeal. But the exception was not tenable. The like is true of the exception taken to the refusal of the justice to charge respecting the weight of evidence and to certain others taken as to the admission or rejection of evidence upon the trial.

The judgment should be affirmed, with costs.

FREEDMAN, P. J., and LEVENTRITT, J., concur

Judgment affirmed, with costs.

---

LOUISE WENDEL, Appellant, *v.* JOSEPH WENDEL, Respondent

APPEAL by plaintiff from judgment of the Municipal Court, eighth district, New York city, dismissing the complaint.

Gustave Hurlimann, for appellant.

James W. Ridgway, for respondent.

MacLean, J. Testifying in her own behalf in an action to recover for moneys had and received from her and to her benefit by her husband, prior to an informal separation, the plaintiff said she had paid the sums admittedly paid, beginning the week after the wedding, at the suggestion and request of the defendant, to be put into his bank, as it was not convenient for herself to go to New York to make the deposit. It was shown by copy of a complaint verified by herself, that in another action, the plaintiff had claimed to have given the money to the defendant in consideration of his promise to receive and care for a minor son born in her former wedlock, and which promise he had refused to fulfill. For this supposed variance in her versions of the transactions, the complaint was dismissed. This was error. The additional allegation in the earlier complaint of an ulterior reason for paying the money, that it was to be used for the care of the child for whom the plaintiff was bound to care, is not incompatible with the allegation that the payment was for the benefit of the plaintiff, nor was so the statement that it was paid at the suggestion of the defendant, to be kept for and returned to the plaintiff at any time, as she wished, which might well be at any time before he had begun to fulfill the alleged promise to receive and care for the minor. Moreover, the defendant testified, under a general denial, that he had received the money on account of a marriage portion only partly paid; that the plaintiff had left him at his instance and request and upon his offer to pay her a larger sum in consideration of that separation. Thus, apparently, the man was indebted to the woman for more than the amount she claimed upon another contract; nor could he rightfully keep the money which he received, according to his own showing, under a contract which he rendered practically ineffectual, even though it was a contract of marriage.

Judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs; LEVENTRITT, J., concurs in result.

Judgment reversed and new trial ordered, with costs to appellant to abide event.