ABRAHAM ISRAEL, Appellant, *v.* TILLIE B. ISRAEL, Respondent.

TILLIE B. ISRAEL, Respondent, *v.* ABRAHAM ISRAEL, Appellant.

ABRAHAM ISRAEL, Appellant, *v.* TILLIE B. ISRAEL, Respondent.

TILLIE B. ISRAEL, Respondent, *v.* ABRAHAM ISRAEL, Appellant.

*Amendment after trial in a divorce suit — not allowed for the purpose of charging adultery with another co-respondent known to the party when the action was commenced — proof of such adultery is proper as a defense to an action for a separation for cruel and inhuman treatment.*

Where the pleadings, served by a husband in an action brought by him against his wife for an absolute divorce, and in a counter-action brought against him by his wife for a separation on the ground of cruel and inhuman treatment, charge the wife with the commission of adultery with a single designated person, the husband will not, after such issue has been decided in favor of the wife, be permitted to amend his pleadings by charging the wife with the com-

mission of adultery with another person, where it appears that he possessed information tending to establish such charge when the actions were commenced. The husband should, however, be allowed to take by commission the testimony of non-resident witnesses as to the wife's misconduct with the person referred to in the proposed amendments, as such evidence may be admissible under the pleadings as originally framed in justification of the cruel and inhuman treatment, alleged by the wife to consist of charges of adultery and infidelity against her.

*Semble,* that a charge of adultery made by a husband against his wife, either to herself or others, in the absence of a justifiable belief upon the part of the husband that such charges are true, constitutes cruel and inhuman treatment.

Appeal by Abraham Israel, the plaintiff in the first above-entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of June, 1900, denying his motion for leave to serve an amended reply.

Appeal by Abraham Israel, the defendant in the second above entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of June, 1900, denying his motion for leave to serve an amended answer.

Appeal by Abraham Israel, the plaintiff in the third above-entitled action and the defendant in the fourth above-entitled action, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of June, 1900, denying his motion for a commission to take the testimony of witnesses residing in Philadelphia.

*Boudinot Keith,* for Abraham Israel.

*Moses Weinman,* for Tillie B. Israel.

Hatch, J.:

The first action is brought to recover a judgment of divorce (absolute) upon the ground of adultery. The averments of the complaint in that action charge the defendant with the commission of such offense with one Kaufman, and contains no charge of infidelity with any other person. The defendant's answer denied the allegations of adultery, and for an affirmative cause of action sets up cruel

and inhuman treatment on the part of the plaintiff therein, demanding as relief a judgment of separation. In the reply which the plaintiff served to this answer he denied the charges of cruel physical treatment, and averred the adulterous intercourse by the defendant with Kaufman as justification of such charge. No mention or claim is made in any of the pleadings of defendant's misconduct with any other person.

It appears that at or about the time when the husband commenced his action he was possessed of information tending to establish adulterous intercourse upon the part of defendant with one Wilczek, but he did not attempt to incorporate this charge in his complaint or in his reply, and, with full knowledge, chose to rely upon the charge which he had selected and averred in his pleadings. Issue having been joined by these pleadings the issues of adultery were settled and tried before a jury, the other issues involved being retained for trial at Special Term. The jury after a trial rendered a verdict in favor of the defendant upon the issue of adultery, and thereafter the case was moved for trial and disposition of the remaining issues at Special Term; and it was not till this time, over a year after the action was commenced, and after the plaintiff had full information respecting the improper conduct with Wilczek, that he made the motion to amend his reply by incorporating therein the claimed offense with Wilczek.

It is clear, therefore, that the plaintiff was guilty of *laches* in making his motion, and this is aggravated by the fact that, during the whole period, he was possessed of information which he might have procured to be incorporated in his complaint and in his reply. He must, therefore, be treated as having elected to stand upon the issues which, with full knowledge, he made and deliberately accepted, and his motion to amend for this reason was properly denied.

The pleadings in the second action, brought by the wife, are precisely like the counterclaim and reply in the first action, and this action was brought close upon the heels of the first action. The same reasons avail to defeat the motion to amend the answer in his action as to amend the reply in the first action.

The motion for the issuance of a commission to take the testimony of witnesses in Philadelphia as to defendant's misconduct with Wilczek is not, however, necessarily dependent upon the denial of

the motions to amend the pleadings. The averment of the complaint in the second action, brought by the wife, is that the defendant has systematically and repeatedly made charges of adultery and infidelity against the defendant to a number of other persons, friends as well as strangers; and upon this charge is based the claim of cruel and inhuman treatment. There can be little doubt but that the charge of infidelity in the marital relation made by the husband against the wife either to herself or others, constitutes cruel and inhuman treatment, in the absence of a justifiable belief upon the part of the husband that such charges are true. It is possible that some ground of justification may exist for making such a charge by the husband against the wife if it be the fact that the husband possessed information which induced a belief of the wife's infidelity with another person other than the one he specifically named in making the charge. It is not necessary that we now determine whether the evidence sought to be elicited through the medium of a commission is admissible under the issues as framed by the pleadings in these actions. Upon this appeal the case, as it may appear upon the trial, is not before us, and we are unable, therefore, to say whether such evidence be admissible or not. It is reasonably certain, however, that it may be, and for that reason we think the motion for the issuance of a commission to take this testimony should have been granted. If it should appear upon the trial that such testimony was fairly within the case appearing upon the trial, the defendant ought not to be deprived of it, which he would or might be if the commission were not issued and the testimony taken.

We conclude, therefore, that the denial of the motions to amend, in each case, should be affirmed, with ten dollars costs and disbursements, and the order denying the motion to issue a commission should be reversed and the motion granted, without costs to either party.

Van Brunt, P. J., Rumsey and McLaughlin, JJ., concurred.

Ingraham, J.:

I concur. I think that the evidence sought to be taken under this commission was competent upon the question as to the custody of the children of the marriage. The respondent claims that the custody of the children should be awarded to her, and in

determining that question it is most material that the court should be informed as to her character.

In the first and second above-entitled actions, orders affirmed, with ten dollars costs and disbursements.

In the third and fourth above-entitled actions, order reversed and motion granted, without costs.