HARRIET GENEROUS, Plaintiff, v. ALONZO B. GENEROUS, Defendant.

Supreme Court, Special Term, Kings County, February 1, 1950.

*Louis Golkin* for plaintiff.

*Solomon Goodman* for defendant.

BELDOCK, J.   In an action for a separation brought by plaintiff wife, three motions have been submitted to this court for disposition: (1) motion by defendant to dismiss the complaint under rule 106 of the Rules of Civil Practice on the ground that it does not state facts sufficient to constitute a cause of action; (2) motion by defendant for a change of venue; (3) motion by plaintiff wife for alimony and counsel fees.

The complaint alleges that defendant has, among other things, accused plaintiff falsely of being unfaithful and unchaste and of having a common-law husband.   It also alleges that during the past two years defendant has been living in an open, meretricious relationship with a person named in the complaint; that in December, 1948, he left the plaintiff and went to live with the woman named, at an address designated in the complaint, and that he still resides with her at such address.   Moreover, plaintiff alleges that defendant has taunted and tormented her with intimate details of such relationship.   It is claimed that all of this has caused plaintiff much mental anguish and suffering.

On this motion to dismiss, the pleading challenged for legal insufficiency must be construed broadly and liberally (*Wainwright & Page, Inc.,* v. *Burr & McCauley, Inc.,* 272 N. Y. 130; *Condon* v. *Associated Hosp. Service of N. Y.,* 287 N. Y. 411), and the allegations of fact stated in the complaint are assumed to be true (*Locke* v. *Pembroke,* 280 N. Y. 430; *Hart* v. *Hart,* 274 App. Div. 836).   Every intendment and fair inference is in favor of the pleading (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432).   If on any aspect of the facts pleaded plaintiff is entitled to recover, the motion to dismiss for legal insufficiency must be denied (*Condon* v. *Associated Hosp. Service of N. Y., supra*).

In the light of the foregoing, the pleading under attack, although inartistically drawn, does state facts sufficient to constitute a cause of action.   It has been held that a charge of infidelity made in bad faith and without justification constitutes cruel and inhuman treatment within the meaning of the statute (*Israel* v. *Israel,* 54 App. Div. 408).   The circumstance that no physical violence on the part of the defendant is alleged does not, in view of the allegations referred to, render the complaint defective.   Accordingly, the motion to dismiss is denied.

With respect to the motion for a change of venue, defendant contends that the domicile of the litigants is in Washington County and accordingly the action must be brought therein. Plaintiff claims, however, that prior to the commencement of this action and on or about February 1, 1949, by reason of the cruel

and inhuman treatment of this defendant and threatened non-support, she left Washington County with her three **children** and took up residence in this county and has ever since resided herein.

Section 182 of the Civil Practice Act provides: '' An action in the supreme court * * * must be tried in the county in which one of the parties resided at the commencement thereof. * * * A party having or maintaining a residence in more than one county shall be deemed a resident of either county.'' A person may have two or more residences. The word '' resided '', as contained in the statute, refers to actual residence and not necessarily the domicile of one of the parties (*Bischoff* v. *Bischoff*, 88 App. Div. 126). Under the facts herein alleged plaintiff could establish a residence in Kings County (*Lawson* v. *Lawson*, 64 N. Y. S. 2d 356, and cases therein cited). Accordingly, and under section 182 of the Civil Practice Act the venue has been properly laid in Kings County. The motion is, therefore, denied.

On the plaintiff's motion for alimony and counsel fees there is a sharp dispute between the parties as to financial circumstances and whether plaintiff's counsel has received moneys from her. Plaintiff states defendant is averaging between $400 and $500 monthly. Defendant maintains that since 1938 his physical condition has been very poor, during which time he was compelled to spend over four years in the United States Marine Hospital, and as a result of which his earning capacity has been impaired. Moreover, he argues that at the time plaintiff left him she withdrew moneys in a joint bank account amounting to $900. These circumstances indicate a reference. The matter is, therefore, respectfully referred to an Official Referee to hear and determine. In the meantime and pending the determination by the Referee, defendant is ordered to pay $15 weekly for the support and maintenance of the infant issue of the marriage.

Submit orders.