Richard J. Cardamone, J.
This is a motion made by the defendant for a change of venue changing the place of trial from Onondaga County to New York County pursuant to CPLR 503 (subd. [a]), 510 and 511 on the ground that neither the plaintiff nor the defendant resides in the County of Onondaga.
The plaintiff and defendant are husband and wife, having been married in the City of Munich, Republic of West Germany. Both the plaintiff and the defendant at the time of the marriage were citizens of the United States. The plaintiff in her complaint alleges that at various times between February, 1962 and December, 1964, she loaned to the defendant the sum of $10,351.17, on the defendant’s express promise to repay this money. She also alleges that the purpose of the loans was for the defendant to purchase an extensive library and equipment; and that they were to be repaid to the plaintiff upon defendant attaining the age of 30, at which time he was to receive the principal of a trust fund of which he was a beneficiary. Plaintiff further alleges that although a demand has been made upon the defendant, he has not repaid the money loaned. For a second cause of action, the plaintiff sets forth the same facts, alleging that they state a cause of action for money had and received.
It appears that the defendant is a student studying for his doctorate degree at a university in Munich, Germany. He expects to complete his studies in June, 1965. Prior to departing for Germany, the defendant was a resident of New York County and according to the affidavit furnished the court by his attorney “ it is also his (defendant’s) intention to remain such a resident (New York County) after the completion of his (defendant’s) studies in West Germany ” (parenthesis supplied). The plaintiff and defendant met in West Germany. Prior to her marriage, the plaintiff was a resident of Los Angeles, California. In January, 1965 the plaintiff left the defendant in Germany and returned to the United States to visit her parents at their home in Los Angeles. Subsequent to that, the plaintiff moved to 605 Euclid Avenue, Syracuse, Onondaga County, New York, where she is presently living with the two infant children, issue of the marriage. The plaintiff states that she is working in the City of Syracuse doing private tutoring and teaching music. She claims to be qualified to pursue these professions by virtue of being a graduate of the University of California with a degree in music. The plaintiff states that because of the defendant’s conduct of “ cruel and inhuman treatment of her and her children which included actual physical beatings and other actual physical harm, (that she) was forced *456 for the sake of her health and the health of their children to cease cohabiting with her husband (the defendant) in this action” (parenthesis supplied). She further asserts that she selected Syracuse as her home due to the fact that her sister and her sister’s family reside there.
The defendant has moved to change the venue of this action on the grounds that neither the plaintiff nor the defendant is a resident of Onondaga County. The defendant argues that the plaintiff wife cannot establish a domicile separate and apart from him, and that her domicile must, therefore, be either his domicile, in New York County, or that of her original home before she moved to Germany, to wit, Los Angeles, California.
We disagree with the defendant’s contention.
For over 100 years the rule in New York has been that, if a wife has left her husband for justifiable cause, such as cruel and inhuman treatment, she could bring an action in the county in which she actually resided at the commencement of the action within the meaning of the venue statute requiring actions to be tried in the county in which one of the parties resided at the time of its commencement, although the husband may be domiciled in another county. (Vence v. Vence, 15 How. Prac. 497, affd. 15 How. Prac. 576.) Particularly in point is the case of Lawson v. Lawson (64 N. Y. S. 2d 356). In that case the husband and wife were married in South Africa in 1945. They returned to the United States in 1946, lived together for a week in Brooklyn, and then moved to Cannonsville, Delaware County, New York. Several months later the plaintiff wife, allegedly as a result of the defendant’s cruel and inhuman treatment toward her, returned to Brooklyn to live and, thereafter, brought a separation action. The defendant husband made a- motion for a change of venue from Kings County (Brooklyn) to Delaware County, the county where the parties had lived together. The court held (pp. 357-358): “ The word * resided ’ as used in this statute, refers to actual residence and not necessarily the domicile of one of the parties; and a person may have two or more residences. Bischoff v. Bischoff, 88 App. Div. 126, 85 N. Y. S. 81; 4 Carmody’s New York Practice, pp. 2615, 2616. Under the circumstance here, disclosed, it is my view that plaintiff, for good and sufficient reasons was entitled to and did establish a residence in Kings County. Wacker v. Wacker, 154 App. Div. 495, 139 N. Y. S. 78; Kaufman v. Kaufman, 177 App. Div. 162, 163 N. Y. S. 566; Guinness v. Guinness, 180 Misc. 234, 44 N. Y. S. 2d 633. Therefore, the requirements of Civil Practice Act, § 182, have been complied with.”
*457 The strict common-law rule prohibited a married woman from breaking the unity of domicile of husband and wife since they were viewed as one person. The modern case law has carved an increasing number of exceptions to this inflexible rule, so that now a wife can acquire a separate domicile for the purpose of attacking the marital relationship itself and, finally, to set up a separate domicile whenever it is shown to be “ necessary or proper ”. (Matter of Thorne, 240 N. Y. 444, 449.) The cases have not gone so far as to permit the wife to establish a separate domicile merely for convenience or pleasure (Matter of Daggett, 255 N. Y. 243) or where she has been guilty of desertion. It appears clear to this court that the test of “ necessary or proper ” in the establishment of domicile is relevant only in those eases where one of the spouses is attacking the existence of the marriage itself. That is not the situation here.
Insofar as property rights are concerned, however, no showing need be made, at least for purposes of venue, that the wife was compelled to establish a separate residence, but that like any other citizen she may establish a separate residence for the purpose of enforcing her property rights regardless of the marriage relationship between the parties. The Legislature has recognized for purposes of voting and office holding the domicile of a married woman shall be established by the same facts and rules of law as that of any other person (Domestic Relations Law, § 61) and is not governed by the domicile of her husband (1931 Atty. Gen. 367).
Commencing in 1848 (L. 1848, ch. 200) the Legislature of the State commenced emancipating married women so that in business relationships, contracts, and property rights, they would be treated on the same basis as everyone else. Today a married woman has all of the rights in respect to all kinds of property, its acquisition, use, enjoyment and disposition and may make contracts with respect to her property with anyone, including her husband, as if she were unmarried. Further, she may enforce her property and contract rights against her husband as well" as anyone else. (General Obligations Law, § 3-301, formerly Domestic Relations Law, § 51; Winter v. Winter, 191 N. Y. 462; Dunning v. Dunning, 300 N. Y. 341.) The right to recover on loans made by the wife to the husband while they are married has long been recognized. (Savage v. O’Neil, 44 N. Y. 298; Lord v. Cronin, 154 N. Y. 172; Wendel v. Wendel, 26 Misc. 791.)
The provisions of the Civil Practice Act regarding venue have been carried into CPLR 503 where it is stated that: “ A party resident in more than one county shall be deemed a resi *458 dent of each such county ’ ’, recognizing the principle stated in the case law that a party may have more than one residence. (Bischoff v. Bischoff, 88 App. Div. 126: Generous v. Generous, 197 Misc. 651, 653.)
Under the circumstances here the plaintiff has established her residence in Onondaga County where she is entitled to lay the venue of her action against the defendant. The defendant’s motion for a change of venue is denied. Plaintiff to submit order accordingly, without costs.