Burke, J. (dissenting).
Norman W. Roe, an octogenarian, was declared an incompetent in the proceedings below and a committee was appointed. It is somewhat less than undisputed that he was a resident only of Suffolk County, and not a resident of New York County. The papers submitted in support of the order to show cause stated that Mr. Roe was a resident of the Hotel Pierre in New York County and that, since being disabled in 1965 by a stroke, he had been staying at another residence in East Patchogue. Furthermore, those same papers indicated that Mr. Roe’s substantial intangible wealth was located in New York County and that his hotel apartment in New York was frequently used by his housekeeper who had been entrusted with the details of various of Mr. Roe’s business affairs. In addition, the testimony given by various persons indicated that the New York apartment was not used by Mr. Roe for the very understandable reason that he was physically unable to get to New York after he suffered the stroke.
It is undisputed, as the majority indicates, that the Mental Hygiene Law (§ 101, subd. [2]) provides that a special proceeding to declare incompetency and to appoint a committee for an alleged incompetent in the Supreme Court shall be brought in the judicial district “where the alleged incompetent resides ”. This provision is manifestly a venue provision and is of no jurisdictional consequence since the Supreme Court is a constitutional court of State-wide general jurisdiction which clearly had jurisdiction of the subject matter of this proceeding. Thus, for purposes of venue, it is too well settled to require demonstration that a person, for a given purpose including venue, can have more than one residence. (See, e.g., Bradleti v. Plaisted, 277 App. Div. 620; Schwarts v. Schwarts, 274 App. Div. 1082; Fleck v. Fleck, 47 Misc 2d 454.) Thus, the papers submitted by the petitioner below would be “ contradictory ’ ’ only if the question at issué were one of domicile; there is, however, no inherent contradiction in a statement setting forth the fact that a person has more than one residence. Furthermore, the mere fact that the ‘1 incompetent ’ ’ referred in various instruments to a particular address (East Patchogue) as his residence has little significance in negating the coexistence of another residence elsewhere when it is recognized that the particular instruments referred to happened to *57 be executed at the indicated residence solely as a result of the incompetent’s enforced confinement to that address by reason of an incapacitating stroke. This case turns then on a fundamental procedural question as to the nature of venue and the proper methods of raising objection to the venue designated by a petitioner in a special proceeding.
It is elementary that the provisions of the CPLR apply to special proceedings as well as to actions (CPLR 103, subd. [b]; 105). The Mental Hygiene Law expressly declares a proceeding to declare incompetency to be a “ special proceeding” (§ 101, subd. [1]). It, therefore, follows that the provisions of the CPLR as to the incidents of venue apply to incompetencv proceedings except insofar as the statute authorizing the proceeding expressly provides otherwise (CPLR 103, subd. [b]). Thus, “ except where otherwise provided by law the procedure in special proceedings shall be the same as in actions, and the provisions of the CPLR applying to actions shall apply to special proceedings. This rule of general application is new and is an attempt to obviate the former difficulty in determining which general provisions of the practice act were applicable to special proceedings * * * Thus, where there is authority to prosecute in the form of a special proceeding, the procedure to be followed is that specified in article 4, unless there are express contrary provisions in the statute which authorizes the prosecution, and where not covered by either, then the same procedure applicable to actions ” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, art. 4, practice commentary pp. 645-646 [emphasis added]). Manifestly, the Mental Hygiene Law provides only a designation of the proper venue but does not purport to deal with questions of procedure when venue is allegedly improperly laid. In addition, article 4 of the CPLR, of general application to -special proceedings, does not deal with questions of venue. Accordingly, the .residuum -of detailed venue provisions contained in article 5 of the CPLR governs this special proceeding as it does any other special proceeding whose authorizing statute does not contain provisions expressly covering the problem.
Article 5 of the CPLR lays out detailed provisions relating to venue generally, to venue in particular actions and proceedings and to the procedural methods to be employed in desig *58 nating and seeking to change venne. Basic to the entire article is the proposition that the place of trial of an action, defined by CPLR 106 to include a special proceeding, shall be in the county designated by the plaintiff, defined to include the petitioner in a special proceeding, unless the place of trial is changed to another county by order upon motion pursuant to. CPLR 511 (CPLR 509, 510). The language of the provision specifying that a change of venue is to be sought by motion is particularly significant in light of the revisers ’ note to the effect that the words ‘ ‘ upon motion ’ ’ were added ‘ ‘ to avoid implication that the court may change the place of venue on its own motion.” (Powers v. Delaware & Hudson R. R. Co., 15 A D 2d 620; N. Y. Legis. Doc., 1961, No. 15 [5th Prelim. Rep. of Sen. Fin. Comm.], p. 78; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 510.02, pp. 5-100, 5-101; McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 509, practice commentary, pp. 41-42.) Thus, a defendant, including a respondent in a special proceeding, wtho contends that the venue designated by the plaintiff, or petitioner, is an improper one must employ the procedure set forth in CPLR 511: a written demand must be served upon the plaintiff specifying the venue which the defendant contends is proper “with the anstver or before the answer is served.” (Italics supplied.) The defendant can thereafter move to change the venue to the county he designates as the proper county within 15 days of the service of the written demand, if the plaintiff fails to consent to such change. (CPLR 511, subds. [a], [b].) The appellant here, the respondent in the special proceeding below, took no such steps to accomplish a change of venue and, in fact, did not serve a timely answer even though he was concededly given proper and timely service of the notice of petition, petition and supporting affidavits. Furthermore, and of great significance, there is the fact that appellant’s attorney appeared and consented to and actively participated in the proceedings had before the sheriff’s jury on the issue of Mr. Roe’s incompetency. The respondent had no objection to venue on the issue of declaring Mr. Roe to be an incompetent and, in fact, offered himself as a candidate for inclusion in the committee to be appointed. Respondent went further and participated in the proceedings as to the appointment of the committee and discovered his objection to venue *59 only when it became apparent that, because of his age and background, he was not going to be appointed a member of the committee. Very simply put, venue is a waivable objection and, if ever there was a case in which the objection was waived, this is the case. When the respondent did belatedly discover the alleged impropriety of the New York County venue, his attorney merely orally announced to that court that venue should be changed to the Tenth Judicial District and the court properly exercised its discretion to reject the claim on the ground that it had been waived. Manifestly, it cannot be said as a matter of law that the court abused its discretion in rejecting appellant’s claim especially in view of the time and effort and expense which had already been expended in making the declaration of incompetency and hearing the parties on the question of the membership of the committee. (Matter of McKitterich, 286 App. Div. 885, app. dsmd. 309 N. Y. 808.) In these circumstances then, it should be obvious that there is no venue question properly before this court and the only remaining issues go to the merits of the appointment of the committee, a matter similarly within the sound discretion of the court below.
In the circumstances presented to the court below, there is clearly no basis for finding an abuse of discretion in the selection and appointment of the members of the committee. The persons appointed have clearly demonstrated their qualifications as bearing upon the personal and financial well-being of the incompetent. Indeed, the incompetent had himself formally designated two of them as his “ future ” committee pursuant to the provisions of section 101-a of the Mental Hygiene Law. In addition, one of the committee members, Mr. Forsythe, has been named by the incompetent as coexecutor of his will with a New York County bank. Another member of the committee, Mrs. Q-otfredsen, has had a long and close personal relationship with the incompetent and had personally assumed the major burden of the personal care of the incompetent following his stroke, as well as maintaining his books and records far him. The third member of the committee, Mr. Eisenberg, was appointed by the court with the express approval of the guardian ad litem for the incompetent’s half-grandnephew, the incompetent’s other distributee, and his qualifications were amply demonstrated to the court below. Further *60 more, the court directed that the three members of the committee were to share only two commissions, thereby further demonstrating the court’s obvious care and concern for the property of the incompetent. On all these facts, which were presented to the court below and as to which all the parties were given extremely liberal opportunities to be heard, there is simply no basis upon which to overturn the result reached by the trial court and affirmed by the Appellate Division. To reverse that determination and order the transfer of the proceeding to the Tenth Judicial District simply imposes unnecessary and wasteful burdens on the parties and the estate of the incompetent.
For the foregoing reasons the order appealed from should be affirmed.
Chief Judge Fuld and Judges Scileppi, Bergan, Breítel and Jasen concur in Per Curiam opinion; Judge Burke dissents and votes to affirm in a separate opinion in which Judge Keating concurs.
Order reversed, without costs, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.