WILL CASE.                    **Rogers *vs* Rogers.**

*Case* 108.              ERROR TO THE FAYETTE CIRCUIT.

                 *Wills.   Continuance.   Witness.   Evidence.   Instruction.*

*May* 7.         CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated         ON a bill filed by some of the heirs of *James Rogers*,
and points made.   dec'd. for contesting the validity of a document which
                 had been admitted to record in the Fayette County
                 Court, as his last *will*, the jury, under the statutory is-
                 sue *devesavit vel non*, found that it was his valid *will*,
                 and a decree was rendered accordingly.

                 That decree is now sought to be reversed on three
                 grounds, which will be considered in the order in which
                 they have been urged in this Court.

On the trial of         1. An application for a continuance on account of the
an issue in a suit   absence of a material witness was overruled by the Cir-
in chancery of
*devesavitvelnon*,   cuit Judge, who postponed the trial until the deposition
that the Court
overruled    the    of the absentee, who was sick, had been taken, and
motion of the
party for a con-   which was read to the jury.   That refusal is complained
tinuance on the    of as erroneous and prejudicial; but it seems to us that
ground of the
sickness   and    it cannot be so considered—neither the character of the
inability of a
witness to at-    deposition nor any other fact in the record would author-
tend, but whose    ize the presumption that his sickness, in any degreee,
deposition   the
Court gave the    affected the testimony of the witness, or that his depo-
party time to
take, and which    sition was not as useful to the party using it as his oral
was taken and
read in the case,   examination in Court could have been.   We are of the
is no ground for    opinion, therefore, that there was no available error in
reversal, as it
does not appear    the refusal to grant a continuance, and especially in such
but that the dep-
osition was as    a case, in which the personal attendance of all the wit-
useful to thepar-
ty as his oral    nesses at the same time could not have been reasonably
evidence would    expected, and in which also, a trial without delay was
have been.
                 peculiarly important.

                 2. The jury was instructed that there was no evidence
                 of either fraud or improper influence on the testator; and
                 this also is assigned for error.

                 It cannot often be prudent thus to control the jury as to
It is seldom pru-   such facts as fraud and sinister influence in the procure-
dentfor the court
to instruct the   ment of a will.   But whether there was any evidence of

either of these facts in this case, was a question which the Judge had a legal right to decide; and we are of the opinion that there was no evidence which could have authorized a rational and unprejudiced jury even to suspect that the will had been procured by any unlawful or improper influence. Consequently the instruction should not be deemed prejudicial, even though it had not been technically proper or most prudent.

3. The only remaining and most formidable objection to the decree is, that the Circuit Judge refused to permit proof of conversations with the principal devisee, in one of which he expressed to the witness a desire to own his father's homestead, which was afterwards devised to him, and in another of which, he showed the same witness the controverted will, and sought his advice as to its legal formality, and, upon being told that it might be prudent to consult a lawyer and have another will executed, he replied, "we have had too much trouble and difficulty in "getting this will to attempt getting another."

The Circuit Judge seems to have been of the opinion that no declaration made by one of several devisees, could be competent evidence against the will. In this, however, we do not concur with him. We still approve the principle recognized on this subject in the case of *Beall's will*, (1 *Ben. Mon.* 399.) 1st. Because all the devisees have a common interest in every question affecting the validity of the will; and, 2ndly, Because no one of them, being a party, could be compelled to testify against it. And we are well satisfied that principle and analogy, as well as authority, sustain the qualified doctrine ruled in the case, *supra*, in *Ben. Mon.*—that is, that a declaration of one of several devisees or legatees, as to a fact material to the validity of the will, and against his own interest, is admissible, not as a declaration or admission by all, but as a circumstance entitled to some influence, and to which the tribunal trying the question of will or no will, should give such effect as, under all the circumstances of the case, such a fact should intrinsically merit.

The same principle, and even to a more unqualified extent, has been recognized in *England* in many cases,

ROGERS
*vs*
ROGERS.

jury, that there is no evidence of *fraud* or *improper influence* in *procuring* a will, but the Circuit Judge has the legal right so to decide, and his decision sustained in this case.

The declaration of one of several devisees is evidence against a will, is admissible evidence, not as a declaration or admission by all, but as a circumstance entitled to some influence, and to which the tribunal trying the question of *will* or *no will*, should give such effect, under all the circumstances of the case, as such a fact intrinsically merits.

The rule of evidence in relation to the admission

ROGERS
vs
ROGERS.

of parishioners
cited, &c. Mass.
and Penn. decis-
ions.

and especially in those of Parish settlements, in which it has been decided that a confession of a material fact by one parishioner is admissible as evidence against the whole of the parishioners, because, though their interests are several, yet the question involved is common to all, and no one of them could be compelled to testify against himself and associates: (11 *East,* 589.) And the Supreme Courts of *Massachusetts* and *Pennsylvania* have virtually applied the same rule in will cases, with the qualification that the expression of *opinion* merely, by one devisee, is not competent.

Being satisfied with the doctrine, as ruled in *Ben. Monroe,* we are not disposed to elaborate a discussion of it. We are, therefore, of the opinion that, as the facts offered and rejected in this case might have conduced, in some degree, to evince undue influence in the procurement of the will, the Circuit Judge erred in not admitting the proof of them as tendered.

The court will not reverse, tho' error may have been committed by the Circuit Court in reject-ing evidence properly admis-sible, unless the party was proba-bly injured by its exclusion, and where the Court should have set aside the verdict if the rejected testimony had been heard and the verdict dif-ferent.

But, nevertheless, upon mature consideration, we have come to the conclusion that this error should not be deemed injurious, and is, therefore, insufficient for reversing the decree.

When all the facts are reviewed, it is evident that, in consequence of the testator's physical prostration and the eminent danger of his speedy dissolution, there *had* been much *difficulty* and *trouble* in the proper and effectual publication of his will, and which might have been reasonably apprehended again in an attempt at a republication. The principal devisee's equivocal declaration as to that matter, therefore, would have been very remote and questionable evidence of coercion, fraud, or improper influence in procuring the publication. And the other facts proposed to be proved, would have been entitled to scarcely any effect, if any at all, as evidence of even importunity to make the will. But importunity alone would not invalidate.

When, however, we consider the evidence, as to the testator's capacity and fixed determination, under all circumstances, both sometime before and even after the publication, the facts characterizing that publication, and the destitution of any circumstances, (independently of

the rejected facts,) which could tend to the deduction that the will was not, in every proper sense, altogether the spontaneous and well considered production of his own mind, we cannot doubt that, had the rejected testimony been admitted, it would not have changed the finding of the jury; and, upon a deliberate survey of all the facts in all their bearings, we are clearly of the opinion that, if the rejected evidence had been admitted and the jury had decided against the will, it would have been the duty of the Court to set aside the verdict as unauthorized by any rational or allowable deduction from the whole evidence, dispassionately and intelligently considered. Then, as justice seems to have been done, and no other verdict than that rendered would have been allowable, it would, in our judgment, be an abuse of judicial discretion, to reverse the decree and direct a new trial of the issue, merely because there was an abstract error in rejecting testimony which should not have produced any other result.

Wherefore, the decree is affirmed.

*Robinson & Johnson* for plaintiff; *Clay and Wickliffe* for defendant.