3m 575
96  122

## Hunt's Heirs *vs* Hunt.                    Chancery.

### Error to the Lincoln Circuit.

*Wills. Evidence. Witnesses. Devisees. Opinions of*        Case 149.
*witnesses.*

Judge Breck delivered the opinion of the Court.                June 6.

In March, 1838, Richard Hunt executed to his son,   The case stated. James Hunt, a deed of conveyance for a tract of land and three slaves, reserving therein an estate during his life. He also, on the same day, made and published his last will and testament, in which he referred to and confirmed the deed, and also devised to his son all the property embraced in it.

In July, 1838, Richard Hunt died. The deed was   His will proved proved and recorded, and the will was also duly admitted   and recorded. to record in the office of the Lincoln County Court.

A bill was then exhibited against James Hunt, by all   Bill filed to set the other heirs of the said Richard, contesting the validity of both the deed and the will, upon the ground of the   and incapacity of incompetency, from age and imbecility of the decedent,   testator.

HUNT'S HEIRS *vs* , HUNT.

and that they had been fraudulently procured by the persuasions and misrepresentations of the defendant.

The answer of the defendant, denying, &c.

The answer denies the incapacity of the testator, and that either the will or the deed had been fraudulently made or procured by the interference or influence of the defendant.

The decision of the jury.

The jury, under the issue, formed pursuant to the statutory provisions in such cases, found in favor of the will and the deed. The complainants moved for a new trial, which the Court overruled, and rendered a decree dismissing their bill—to reverse which they have brought the case before this Court.

Upon the errors assigned, two questions only seem to arise:

Questions for revision.

1st. Whether the Court should have granted a new trial upon the ground that the verdict was against the evidence.

2d. Whether the Court, upon the trial, erroneously ruled the law, and to the prejudice of the complainants.

New trial should not be granted on the ground that the verdict is contrary to evidence unless it be palpably so.

In reference to the first inquiry, it has been so repeatedly settled by this Court, as to render superfluous a reference to authority, that a new trial ought not to be granted upon the ground that the verdict is against the evidence, unless it is *palpably so.* And further, when a motion for a new trial, moved upon the ground that the verdict was unsupported by the evidence, has been overruled by the Court below, this Court ought not to reverse the judgment, unless the error was *flagrant.* Such were the principles recognized by this Court in the case of *Singleton's will,* (8 *Dana,* 320,) and by various authorities there cited. But in the disposition of this case, a reliance upon the principles or authority referred to is not deemed necessary. A careful examination of all the testimony very clearly justifies, we think, the conclusion that the weight of the evidence did not preponderate against the finding of the jury, but is, on the contrary, decidedly in favor of it. So far, therefore, as the motion for a new trial depended upon the testimony, the Court was right in overruling it.

Instruction given by the Circuit Court.

As to the second question, the Court, among others, gave to the jury the following instructions: "They are

further instructed, that in making up their verdict in this case, they should not regard as evidence the opinions of the witnesses, except the subscribing witnesses, unless the facts are stated upon which the opinions are founded, and even when the facts are stated, no weight should be given to the opinions of the witnesses, unless in their judgment the facts stated authorize the opinions."

"That the opinions which may have been expressed by James Hunt, one of the devisees named in Richard Hunt's will, that he, R. Hunt, was not of sound mind, or was incapable of making a will, is not evidence to prove insanity or inability to make a will."

It is urged that these instructions do not contain the law, and were improperly given to the jury.

This Court said, in case of *McDaniel's will*, (2 *J. J. Marshall*, 337,) "The opinions of witnesses are not entitled to much weight in such a case as this. The facts from which the opinions are deduced are more decisive." In other cases, similar opinions may have been expressed, from which the inference might be drawn that the opinions of witnesses, as to incompetency, would be evidence, without stating facts upon which they were predicated. But we are not aware that the question has been directly presented and decided by this Court.

It has been expressly held by the Courts in Massachusetts and Pennsylvania, that the opinions of witnesses, other than the subscribing witnesses, as to the competency of a testator, without stating the facts upon which they are predicated, are not evidence, and that seems to us to be the correct rule and the true doctrine. For even when facts are stated, from which the opinion is deduced, it is not so much the opinion of the witness as the facts themselves which constitute the testimony—hence opinions without facts upon which they are based, should not be regarded as evidence, and we are, therefore, of opinion that there is no error in the first instruction referred to.

*The opinions of witnesses, as to the competency of a testator to make a will, are not evidence without stating the facts on which these opinions are predicated. It is the facts, more than the opinion of the witness on these facts, that constitutes the evidence.*

As to the second instruction, it is urged on behalf of the appellants, that proof of the declaration of an opinion, by the defendant, as to the incompetency of the testator to make a will, is equivalent to proof of an admission of the fact that he was incompetent. We think that

*The opinions of a devisee, expressed before the making of a will, (perhaps months,) are not competent to prove the* fact *of*

HUNT'S HEIRS
*vs*
HUNT.

incompetency in
the testator at
the time the will
is made.

it cannot be so regarded.   It does not amount to proof of a fact admitted or stated by him, which, if proved by other witnesses before the jury, would be evidence; if it did, the question as to the competency of such testimony has been settled by this Court.   The question came up in the case of *Rogers* vs *Rogers*, (2 *B. Mon*, 324.)   But the question is, whether the mere expression of an opinion by the defendant, that the testator was incompetent to make a will, is competent testimony to prove the fact. The Supreme Courts of Massachusetts and Pennsylvania have expressly held that such mere opinion is not competent testimony to prove incapacity.   They say: ''It is mere opinion, not delivered under oath, grounded on we know not what; nor can the jury inquire or know whether there was reasonable ground for such opinion:'' *Phelps* vs *Hartwell*, (1 *Mass. Rep.* 71;) (1 *Pick.* 192; 3 *Sarg. & Rawl.* 267.)

Whether the o-
pinions of a dev-
isee might not,
under particular
circumstances,
be competent ev-
idence of incapa-
city in the testa-
tor? *Undecided.*

But it is insisted in this case, that the defendant, James Hunt, is the only devisee who is interested in sustaining the will; that he may be presumed to have been in possession of more facts and information, as to the state of the testator's mind, than ordinary witnesses, and would not have expressed an opinion against his interest: but it will be recollected that the opinion, proved to have been expressed by the defendant, was declared before the execution of the will—how long does not appear.   It may have been months.   This is the proof: that in a conversation between the witness and defendant, the witness inquired of defendant, ''whether his father had made a will, and upon the reply of the defendant, that he had not, witness remarked that he thought it was too late; that he thought his father was incapable then of making a will, by reason of the unsoundness of his mind; the defendant said he thought his father was not capable of making a will too, and asked witness if he could not make a deed of gift.''

Ought an opinion, thus elicited, perhaps months before the execution of the will, and when from the whole statement, at the time, it is evident that the defendant had but a very indefinite idea as to the requisite capacity to make a will or a deed, to be regarded as evidence of the

testator's incapacity, at the time the will was executed? We think not. Had the defendant stated the facts upon which his opinion was based, the jury might have drawn a different inference, and with the facts, his opinion been entitled to no weight.

Without, therefore, deciding that cases might not occur in which the mere opinion of a devisee, expressed under particular circumstances, as to the incapacity of the testator, would or not be evidence, we think that the opinion of the defendant in this case, considering the time, manner and circumstances under which it was expressed, was not evidence of the testator's incapacity to make the will in question; and we are, therefore, of opinion that the Court did not err in giving the instruction.

The objection also made to the fourth instruction, we think, is not tenable. Taking it altogether and in reference to the testimony, the instruction was correctly given.

In view of the whole case, we are satisfied with the decree.

It is, therefore, affirmed.

*Owsley & Goodloe* for appellants: *Harlan & Craddock* for appellee.