CASE 102.—PROCEEDINGS BY MARGARET McCONNELL'S
EXECUTOR AND OTHERS TO PROBATE HER
WILL, IN WHICH GEORGE W. McCONNELL AND
ANOTHER APPEARED AS CONTESTANTS.—June
17, 1910.

## McConnell's Exr v. McConnell, &c.

Appeal from Hardin Circuit Court.

WEED S. CHELF, Circuit Judge.

From a judgment denying probate proponents
appeal.—Affirmed.

1. Wills—Probate—Contests—Evidence.—A verdict on conflict-
   ing evidence and supported by evidence that a will was pro-
   cured by undue influence will not be disturbed on appeal.
2. Evidence—Admissions—By Person Interested in Will.—
   Declarations by a devisee in a will contested on the ground
   of undue influence, which show that the will was largely
   written through his influence, are admissible because against
   interest.
3. Evidence—Admissions—By Person Interested in Will.—Let-
   ters written by a son receiving a substantial gift under his
   mother's will contested on the ground of undue influence to
   a son receiving only a nominal bequest are admissible to
   show the relation of the parties, and to prove admissions
   made therein against interest.
4. Wills—Contests—Undue Influence—Evidence—Admissibility.
   —In proceedings to contest a will on the ground of undue in-
   fluence, the evidence is allowed to take a wide range, and
   every fact throwing light on the issue is admissible.
5. Wills—Contests— Testamentary Capacity— Evidence—Ad-
   missibility.—In proceedings to probate a will contested on
   the ground of mental incapacity, the evidence is allowed to
   take a wide range, and every fact throwing light on the
   issue is admissible.
6. Wills—Contests— Evidence —Admissibility.—In proceedings
   to contest the probate of a will on the ground of undue in-

fluence and testamentary incapacity, a deposition given by testatrix in favor of the son charged with undue influence in an action at law between him and a son disinherited by the will is admissible to slow the mental condition of testatrix and the fact of her friendliness toward the former son.

C. E. MORGAN and L. A. FAUREST for appellants.

IRWIN & IRWIN and H. L. JAMES for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Mrs. Margaret McConnell died in May, 1908, leaving surviving her a small estate and five adult children—George, James, Frank, Virgil, and Fannie. At the time of her death she was about 64 years of age, and had been an invalid and confined to her house for a few years before she died. In her will, which was executed on the 27th of March, 1908, she provided that:

"First—I will that all my just debts and funeral expenses shall be paid by my executor.

"Second:—Whereas, my sons George McConnell and James McConnell have deserted me in my last years and in the time of need, I will to George McConnell one dollar and to James McConnell one dollar, and desire that they shall not receive anything further out of my estate.

"Third:—I will and bequeath to my daughter, Fannie McConnell, all my household and kitchen furniture.

"Fourth:—I will and bequeath to my son Frank, all my farming tools and implements.

"Fifth:—I will that all my notes and other property not herein above willed and bequeathed be converted into cash and divided among my daughter

Fannie McConnell and my sons  Frank McConnell and Virgil McConnell as follows:—two-fifths to my daughter Fannie McConnell,  two-fifths to my son Frank McConnell, and one-fifth to my son Virgil Mc-Connell.   The larger  bequests are left to Fannie McConnell and Frank McConnell on account of their long continued personal service to me."

This will was contested by George and James Mc-Connell, upon the ground that the testator was men-tally incapable of making a will, and was unduly in-fluenced to make it.   The husband of Mrs. McConnell died some sixteen years before she did, and at the time of his death George was about 16 years, James about 15 years, Fannie about 10 years, Frank about 8 years, and Virgil about 6 years of age.   After the death of his father, George McConnell remained with his mother and the other children on the farm until he was 29 years old, or until about 4 years before his mother died.   He then left and went to work for himself.   James McConnell remained on the farm with his mother from the time of the death of his father until a few months before his mother died. The other  children never left the home place, al-though Virgil did not devote much attention to the farm, being engaged in other pursuits.   The jury found against the will, and this appeal is prosecuted by the executor and Fannie and Frank McConnell as appellants.   Virgil McConnell, although one of the contestees in the lower court, does not join as an appellant on this appeal.

It is insisted by counsel for appellants that there is no evidence to support the verdict, or that it is palpably against the evidence, and for this reason a reversal should be had.   As in all cases of this character, the evidence is very conflicting, but there

vol. 138—50

was some direct evidence and a good many circumstances tending to show that the testatrix was induced to cut off from participation in her estate George and James McConnell by the improper importunities of Virgil McConnell. And while it is not necessary to state the evidence, or the inferences that may be reasonably drawn therefrom, we are satisfied from reading the record that the jury had sufficient testimony upon which to rest the finding that the execution of the will was procured by undue influence; and so, unless some error of law was committed, the verdict will not be disturbed.

The court admitted as evidence statements Virgil McConnell had made tending to show that the will was largely written through his influence, and it is said that this evidence was incompetent, because the declarations made by him were not against his interest. But this position is not well taken, as Virgil was one of the devisees under the will and interested in its probate. Beall v. Cunningham, 1 B. Mon. 399; Rogers v. Rogers, 2 B. Mon. 325; Gibson v. Sutton, 70 S. W. 188, 24 Ky. Law Rep. 868; Wall v. Dimmitt, 114 Ky. 923, 72 S. W. 300, 24 Ky. Law Rep. 1749; Henning v. Stevenson, 118 Ky. 318, 80 S. W. 1135, 26 Ky. Law Rep. 159.

It is further urged that the court erred in admitting letters written by Virgil McConnell to George McConnell. These letters, as limited by an instruction reading—"The court instructs the jury that the letters from Virgil McConnell to George McConnell and from George McConnell to Virgil McConnell, read in evidence before them, are only competent for the purpose of showing the relation of the parties and proving the admissions made therein by the writers of said letters against their interest, and for

the purpose of contradicting any evidence given by either of the writers of said letters, if said letters do in fact show such relations or contain any such admissions or contradictions''—were admissible. In will cases, where the grounds of contest are undue influence and mental incapacity, the evidence is necessarily allowed to take a wide range, and every fact and circumstances that may throw light upon either of these facts is admissible.

During the trial the court properly permitted a deposition given my Mrs. Margaret McConnell in favor of Virgil McConnell in a lawsuit between George McConnell and Virgil McConnell to be read as evidence for the purpose of showing the mental condition of Mrs. McConnell and the fact of her friendliness toward Virgil.

Upon a consideration of the whole case, we conclude that the judgment should be affirmed, and it is so ordered.