## Wallace, et al. v. Wallace, et al.

(Decided May 15, 1928.)

### Appeal from Estill Circuit Court.

1. Witnesses.—Under Civil Code of Practice, sec. 606, testimony by widow of decedent and by sureties on deceased's note, suing widow for amount of note paid by them, regarding transactions with decedent on note held incompetent.

2. Patrnership.—In action against widow of deceased by sureties on decedent's note paid by them, evidence held to show that debt represented by note was debt of partnership between deceased and widow, entitling sureties to judgment against widow and requiring widow to apply amount realized out of estate on note.

3. Partnership.—In action on note of deceased brought against widow sought to be held liable as former partner of deceased, judgment against widow was proper under evidence showing note was executed by firm of deceased and widow, and that money was ob-

tained and placed to credit of firm, and that note had not been paid.

RIDDELL & SHUMATE for appellants.

J. B. WHITE, JOHN W. WALKER and KELLY KASH for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing in part and affirming in part.

This suit involves the questions as to whether the appellee Lena Wallace should be required to pay the appellants John A. Wallace and S. E. Wallace a note originally executed April 13, 1917, for $2,459.69, and another note for $500 bearing date April 11, 1918. The lower court entered a judgment against appellee for the $500 note, with interest thereon, and she is here on cross-appeal. The lower court decided against appellants on the $2,459.69 note.

The evidence clearly shows that the estate of D. A. Wallace is insolvent, and if the appellee Lena Wallace is required to pay these two notes she will not receive enough from the estate to satisfy these notes, and for that reason no good purpose would be served by going into the numerous questions involved, in the event we should reach the conclusion that the judgment should be affirmed on the cross-appeal and reversed on the original appeal as to the note for $2,459.69 and interest thereon.

The appellee Lena Wallace was the wife, and is now the widow, of D. A. Wallace. They entered into a partnership in March, 1917, for the conduct of a general mercantile business. The partnership business continued until May, 1924, when D. A. Wallace died. At that time the value of the partnership assets was found to be, in round numbers, $8,700. The debts of the partnership, exclusive of the two notes mentioned, amounted to about $5,200. The appellee insists that she is not responsible for the $2,459.69 note because it was an individual note of her husband, D. A. Wallace. He executed this note on the 15th day of March, 1917, with his brothers, John A. and S. E. Wallace, sureties. The note was payable to W. T. B. Williams & Sons, bankers. He paid the interest on this note individually until his death, but no part of the principal had been paid. After his death the bank obtained a judgment against Lena Wallace, as administra-

trix of the estate of her husband, and the sureties. The sureties satisfied the judgment, and it was transferred to them. They contend in this litigation that the money was borrowed by D. A. Wallace to purchase a stock of goods for the partnership formed about that time by D. A. Wallace and Lena Wallace, his wife. That they showed that the full sum of $2,459.69 was placed to the credit of D. A. Wallace and that he paid it all for the stock of goods which was turned over to the partnership is not disputed. It is proved by the records of the bank.

The appellee testified at some length about the transaction, and the appellants gave testimony touching the same matter. None of the evidence was competent, under the provisions of section 606, Civil Code of Practice.

We are left, then, with competent evidence showing that the money was obtained from the bank on this note and that the proceeds of the note went into the partnership. There is the further competent evidence that the note was paid by the appellants John A. and S. E. Wallace, and also that the interest on the note was paid individually by D. A. Wallace in so far as it has been paid at all. No part of the principal has been paid, and this fact is established by competent evidence. If this were not sufficient to establish that the debt was a partnership obligation, we find in the record the testimony of one witness who had been working for D. A. and Lena Wallace for 20 years, wherein he states that just prior to the purchase of this stock of goods the appellee Lena Wallace told her husband, D. A. Wallace, to purchase this stock of goods. He protested on the ground that he did not have the money. She then advised him to get his two brothers, John A. and S. E. Wallace, to sign his note and obtain the money from the bank. She told him that she would go into a partnership with him, and that they would pay the note out of the profits from the business. These facts establish beyond question that this debt was a debt of the partnership, and, this being true, the appellants John A. Wallace and S. E. Wallace were entitled to a judgment against Lena Wallace for the amount of the note.

The note for $500 was executed by the firm of D. A. & Lena Wallace, and the money was obtained and placed to the credit of the firm. There is no attempt to show that the note has ever been paid. The lower court properly adjudged that the appellee was liable on this note.

A counterclaim was set up in the pleadings by the appellee in which she sought to obtain a judgment against John A. and S. E. Wallace on the ground that they had received large sums of money from D. A. Wallace. There is nothing in the evidence on which a judgment on the counterclaim could be rendered in favor of appellee.

In view of the fact that all of the assets belonging to the estate of D. A. Wallace will not be sufficient to reimburse Lena Wallace when she shall have paid these notes, it is unnecessary to go into any other question. Whatever she realizes out of the estate should be applied by her as a credit on these obligations which she will be required to pay.

Judgment is reversed on the original appeal and remanded for proceedings consistent with this opinion, and affirmed on the cross-appeal.