## Deupree et al. v. Walker et al.

(Decided June 12, 1934.)

WILLIAM J. DEUPREE and SAWYER A. SMITH for appellants.
MYERS & HOWARD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment adjudging appellees the owners of a small strip of land.

The facts are. these: Appellants and appellees are adjoining landowners of the town of Fort Mitchell. In the month of March, 1917, appellants purchased lot No. 9 and the east 15 feet of lot No. 10 in the Buckeye Marble, Sand, Brick & Quarry Company's addition to the town of Fort Mitchell. A few months later they purchased five additional feet of lot No. 10. On April 22, 1927, Theodore Walker and Vernor C. Walker purchased lots Nos. 11 and 12, and 30 feet off the west side of lot No. 10 in the same addition from Edith K. Murnan and John Murnan, who acquired title by deed dated February 2, 1920. The strip of ground in dispute is about 175 feet in length, and from 3 to 5 feet in width. There is no dispute as to the record title. The strip is not included in appellant's deeds, but lies wholly within

the 30 feet off the west side of lot No. 10 belonging to appellees. Appellants' sole defense was that they were in the actual adverse possession of the strip of ground at the time appellees acquired title of the Murnans on April 22, 1927, and at the time the Murnans acquired title on February 2, 1920, and that the deeds of those dates so far as they embraced the tract in controversy were champertous. In support of this defense, appellant William J. Deupree testified that after his original purchase of lot No. 9 and the east 15 feet of lot No. 10 he found that he needed more ground and purchased the additional 5 feet of lot No. 10. A few months later he built a driveway taking up the entire lot consisting of runways and fine stone, and also built a hedge along the west line. The driveway was there at the time the suit was brought and the hedge fence remained there until the winter of 1931-32, when it was killed by a severe freeze. Just before the suit was brought he constructed a fence along the line. It developed on the hearing that on December 21, 1928, appellant William J. Deupree signed and delivered to Theodore T. Walker, one of the grantees of lots Nos. 11 and 12 and 30 feet off the west side of lot No. 10, the following writing:

"I do not claim any ground upon which my home or fences forming the boundaries thereof is situated on Orchard Road in Ft. Mitchell, Ky., except Lot # 9, and the east 20 feet of Lot # 10 of the Buckeye Moulding Sand Brick and Quarry Company subdivision, even though the fences are beyond that frontage."

It also developed that the hedge fence did not extend the length of the lot, but ran only for a short distance near the front.

Appellants first insist that they were entitled to a directed verdict on the ground that the evidence conclusively showed that they were in the actual adverse possession of the strip of ground at the time the Murnans acquired title, and at the time they conveyed to the Walkers, and the deeds were therefore champertous. It must not be overlooked that the possession necessary to render a deed champertous must be actual and not constructive, and must be accompanied by all the elements necessary to ripen into title. Lanham v. Huff, 228 Ky. 139, 14 S. W. (2d) 402. Though color of title in a person holding land adversely is not necessary to

render the deed champertous, it is essential that he hold and claim to a well-defined or well-marked boundary. Le Moyne v. Neal, 158 Ky. 316, 164 S. W. 964. All that we have in this case is that a portion of the driveway was on the land in dispute, and that there was a hedge on the land running for a short distance. In view of this situation it may be doubted if there was sufficient evidence of an actual adverse holding to authorize the submission of the question of champerty to the jury. But be this as it may, there are other elements to be considered. Where the dividing line between adjoining lots is not clearly defined it sometimes happens that one encroaches on his neighbor's lot. It is not to be presumed that he intends to appropriate property not his own. Hence it is the rule that claim of ownership or title is essential to the acquisition of title by adverse possession, and therefore necessary to render it champertous. Arthur v. Humble, 140 Ky. 56, 130 S. W. 958; Lanham v. Huff, supra. Not only did appellant not testify that he claimed the ground at the time of the execution of the two deeds, but he stated in writing that he did not claim the ground. In view of the situation thus presented it hardly can be said that appellants were entitled to a peremptory instruction.

But the point is made that there was no consideration for the statement, and it should not have been admitted in evidence. The statement was in no sense a contract, and required no consideration. It was a clear admission against interest, and therefore admissible, McConnell's Ex'r v. McConnell, 138 Ky. 783, 129 S. W. 106, not only to show that appellants did not claim the ground at the time it was written, but had never claimed it.

Another insistence is that the court erred in refusing to permit appellant William J. Deupree to tell what occurred between him and Mr. Walker at the time the letter was written. According to the avowal, he repeatedly told Mr. Walker that he did not want to hold the land without paying for it, and tried his best to purchase the ground, although he never recognized that Walker had the right to possession. He had no paper title, but had held it from the beginning and considered that he was entitled to hold it, but that he would much prefer to settle the claim by getting a quitclaim deed and paying him for the value of the land. Mr. Walker was suffering at the time from a severe case of heart

trouble, and kept coming to his office. Finally Mr. Walker said that if he would give him something to keep and put in his papers so that when he was gone his wife and children would have it, it would probably make him feel better. He replied:

"Theodore, I am not going to give up the title to this ground, and am not going to get off of it, but if you think that a letter to you will do you any good, I will be very glad to write you to that effect."

Thereupon he sat down and wrote the letter, but never at any time gave up possession, but always claimed the ground as his own. We need not discuss the bearing that the offered evidence has on the letter. In giving the evidence appellant was testifying for himself concerning a transaction with Mr. Walker, who was dead at the time the evidence was offered, and as no one who was interested in the property and who was present when the transaction took place had testified on the subject, the evidence was clearly inadmissible under subdivision 2, section 606, Civil Code of Practice. Wallace v. Wallace, 224 Ky. 532, 6 S. W. (2d) 683; Spencer v. Turner Elkhorn Coal Co., 217 Ky. 50, 288 S. W. 1037.

The only other ground urged for reversal is that the court erred in not submitting to the jury the question whether the Murnan deed of February 2, 1920, was champertous? With the exception that the facts relied on to show adverse possession in 1927 were stronger than they were in the year 1920, the situation was substantially the same. As the jury found that appellants were not in the actual adverse possession of the ground in the year 1927, it is wholly improbable that the jury, on less satisfactory evidence, would have reached a different conclusion as to the character of the possession in 1920. We therefore conclude that the failure of the court to submit the question was not prejudicial error.

Judgment affirmed.