## Smith v. Butt & Hardin.

Oct. 31, 1939.

128

Steve Wiley, James H. Warren and J. E. Warren for appellant.

Herschel T. Smith and F. B. Martin for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

By verdict of the jury and judgment in conformity therewith the partnership firm of Butt & Hardin has recovered judgment against Stella Roberson Smith for the sum of $2,624.71 on an account for goods, wares, etc., sold to Smith Cafe, it being alleged that she was a partner of her deceased husband, Albert Smith, in the business operated under the trade name of Smith Cafe when the goods, wares, etc., were furnished. Stella Roberson Smith is appealing.

By answer appellant traversed the allegations of the petition with respect to the partnership and furnishing of the goods as therein alleged and in a second paragraph denied that she made any promise to pay the debt or any portion thereof; but if such promise was made,

it was void under subsection 4 of Section 470, Kentucky Statutes, because she signed no writing evidencing such alleged promise; that if the goods, wares and merchandise were in truth and fact sold by plaintiffs, then they were sold to her deceased husband and not to her and that she had no knowledge of the sale; that same were charged to Albert Smith and that plaintiffs looked to him for payment and any promises to pay the account made by her, not in writing, are unenforceable, void and of no effect.

It is first argued by counsel for appellant that a married woman is prohibited by law from forming a partnership and therefore appellant's general demurrer to the petition should have been sustained, and as a second ground that being so prohibited, she cannot estop herself by her conduct to deny the existence of such partnership. Appellant cites from R. C. L. page 1369, Section 414, to the effect that the preponderating weight of authority is that under the broadest statute a wife has no capacity to contract a partnership with her husband or to become a member of a firm in which he is a partner. It is further said in effect in that section that some cases so holding give considerable weight to the statutory provision that the property of a married woman shall not be liable for the contract or debts of her husband and that to permit her to enter into such a contract with him would defeat the chief object and purpose of the statute.

Section 2127, Kentucky Statutes, provides in substance that marriage shall give the husband no estate or interest in the wife's real or personal property during the life of the wife, and that during the marriage relation the wife shall hold and own her estate to her separate and exclusive use and free from debts, liabilities, or control of her husband; that such estate shall not be subject to the payment or satisfaction of any liability on a contract made after marriage to answer for the debt, default or misconduct of another, including her husband, unless, the estate shall have been set apart for the purpose by deed of mortgage or other conveyance. It is further provided that her estate shall be liable for debts or responsibilities contracted by her before marriage and for such contracts after marriage, except as otherwise provided by statute.

Section 2128 of the Statutes is to the effect that a

married woman may take, acquire and hold real and personal property by gift, purchase, etc., and may sell it, dispose of her personal property, make contracts, sue and be sued as a single woman. The only exception made to her right to acquire, hold, control and dispose of her estate being that "she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract." Clearly, it was the legislative purpose and intent in enacting those sections to remove all restrictions from the wife with respect to owning, holding, controlling and disposing of her property and engaging in business activities the same as if she were an unmarried woman, the only exception or restraint being that with respect to her becoming bound as surety for another or making executory contracts to mortgage or convey her real estate as above indicated.

Since the enactment of the statutes above referred to, this court has in a number of cases and without exception recognized the capacity and right of a married woman to enter into a partnership with her husband, and held that as such she is liable for the partnership obligations.

In the case of Wallace et al. v. Wallace, 224 Ky. 532, 6 S. W. (2d) 683, it appears that Lena Wallace entered into a partnership with her husband, D. H. Wallace, in the mercantile business which partnership continued until the death of the latter. The court after reviewing the facts to establish the partnership said:

"These facts establish beyond question that this was the debt of the partnership and this being true the appellants * * * were entitled to judgment against Lena Wallace for the amount of the note."

In the case of Memhard v. Alford Gabrielsen Company, 224 Ky. 238, 5 S. W. (2d) 1070, a married woman had entered into a partnership of which her husband was a member. In the course of the opinion it is said:

"It is further urged that L. D. Memhard is a married woman, wife of F. H. Memhard, and that she never agreed to guarantee payment of this shipment, but protested against it. We think this position untenable. In entering into a partnership firm, a married woman constitutes each member of the firm as her agent, and the liability for the firm debts is not based on the theory of principal and surety

but on the relation of principal and agent and at least to the extent of her interest in the firm property she is liable even on the contract of guaranty, and as to such property the statute restricting her liability as surety has no application.''

In Louisville & Nashville Railroad Company v. Alexander et al., 27 S. W. 981, 16 Ky. Law Rep. 306, it was held that a married woman who had been empowered to trade as a femme sole might form a partnership with her husband and thereby become responsible for the partnership debts. While that opinion was rendered before Sections 2127 and 2128 of the Statutes were enacted, those sections, except in the particulars indicated, give to a married woman the right to contract and transact business as a femme sole. Cases from some other jurisdictions hold that enabling statutes such as the sections of our statute, supra, confer on a married woman the right to enter into a partnership and agreement with her husband. See Annotations, 20 A. L. R. 1305. That authority also cites cases from a number of jurisdictions holding to the contrary view. We think the Kentucky Cases and cases from foreign jurisdictions holding that a wife may enter into a partnership with her husband and thereby become liable for the partnership indebtedness are better reasoned than the cases holding the contrary view and properly interpret and carry out the manifest purpose of Section 2128 of our Statutes and similar enactments in other jurisdictions. It is therefore apparent that neither grounds 1 or 2 argued by appellant can be sustained.

It is next argued that the court erred in admitting incompetent statements of Albert Smith, written and oral, to the effect that his wife was his partner. An automobile dealer who sold or approached Albert Smith to sell him an automobile testified that the latter told him that his wife was a partner and he would have to talk with her but that witness stated that at the time the wife was present and near enough to hear the statements made by Albert Smith. The other proof complained of was deeds, mortgages, tax bills, assessors' lists, insurance policies, etc., introduced in evidence. At least some of these records tend to show the course of dealings between appellant and her husband and indicate that she was sharing in the profits of the business. If any of these records or documents were improperly admitted, in the circumstances, it is manifest that the jury could

not have been influenced or prejudiced by them and we are constrained to hold that no prejudicial error was committed by their admission.

As a fourth ground for reversal it is argued that evidence of the acts or conduct of appellant toward the business or by holding herself out as a partner was incompetent because of the absence of any allegation that she was estopped to deny that she was a partner. All evidence complained of in this ground was competent as bearing on the question as to whether she was a partner in the business.

Question is made of instruction 2 given by the court which in substance authorized a finding for appellees if the jury believed from the evidence that appellant held herself out to them or either of them as a partner of her husband, thereby causing them to extend credit to the Smith Cafe and but for which they would not have allowed such credit, even though the jury might believe from the evidence that appellant was not a partner of her husband. Criticism of this instruction is that it is based on the theory of estoppel and that estoppel is not pleaded. Appellant is not in position to complain of this instruction because she offered one in substance the same, although it contained some additional matter. A similar instruction, where the pleadings were in all respects similar, was approved by this court in Napier v. Wooton's Trustee, 188 Ky. 542, 223 S. W. 155. The contention of appellant is that if an instruction of this character was authorized, it should have embodied additional matter contained in the instruction offered by her but it is our conclusion that the instruction given fairly presented the issues made by pleading and evidence.

It is also argued that counsel for appellee made improper and prejudicial statements in his closing argument which were calculated to inflame the jury against appellant. Appellant had a stenographer take the closing argument of counsel for appellee and it has been transcribed and made a part of the record. The statements complained of related to matters in evidence or to inferences drawn by counsel therefrom. While counsel took considerable latitude and presented the evidence in an aspect most favorable to his clients there was nothing in his statements calculated to prejudice or inflame the minds of the jury against appellant.

It is further maintained by appellant that the ver-

dict of the jury was flagrantly against the evidence but appellees testified positively that appellant told them she was a partner of her husband, owned property and that they would not lose anything by extending credit to the firm. Others testified to similar statements; and there is much evidence as to her acts and conduct with respect to the business, tending to indicate that she was a partner. At most, it comes down to a question of the credibility of the witnesses and that was a question for the jury.

The authorities cited and what we have said concerning grounds discussed dispose of all other grounds argued by appellant.

Judgment affirmed.