PATRICIA J. GARRITY *vs.* ROBERT K. GARRITY.

Middlesex. December 4, 1986. — March 9, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Complaint. *Emotional Distress. Corporation,* Close corporation. *Husband and Wife,* Contract, Fraudulent conveyance.

Where the dismissal of a civil action was affirmed on the ground that the complaint failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Mass. R. Civ. P. 8, the plaintiff was entitled to an opportunity to file an amended complaint. [369]

In a civil action, respective claims for negligent and intentional infliction of emotional distress were properly dismissed where the complaint alleged neither that the defendant had caused the plaintiff physical harm nor that his conduct was extreme or outrageous. [369-370]

Where a civil action in the Superior Court Department included a claim for dissolution of an allegedly deadlocked corporation, this claim was properly dismissed, since a proceeding for dissolution of such a corporation must be commenced in the Supreme Judicial Court. [370]

General Laws c. 209, § 2, confers on a married woman the general power to contract with her husband, including the right to contract with respect to the parties' business activities. [370-371]

The doctrine of interspousal immunity had no application to a wife's claims alleging that her husband had fraudulently conveyed property in which she had an interest and that he had violated fiduciary duties owed to her. [371-372]

CIVIL ACTION commenced in the Superior Court Department on March 21, 1985.

The case was heard by *Joseph S. Mitchell, Jr.,* J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Andrew C. Schultz* for the plaintiff.
*Edward F. George, Jr.,* for the defendant.

ABRAMS, J. The plaintiff, Patricia J. Garrity, filed a twenty two page complaint, with 107 separately numbered paragraphs containing a variety of allegations[1] against her husband, Robert K. Garrity, as to his conduct both as an individual and as president of P.J. and R.K. Garrity, Inc.[2] The defendant filed a motion to dismiss for lack of subject matter jurisdiction, Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974), and for failure to state a claim on which relief can be granted,[3] Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). In his motion, the defendant asserted that the doctrine of interspousal immunity bars the claims other than the contract claims and that the issues raised by the plaintiff are more properly dealt with in the Probate and Family Court pursuant to G. L. c. 208, § 34.[4] According to the parties, the motion judge granted the defendant's motion, dismissing the complaint because of the doctrine of interspousal immunity.[5] The plaintiff appealed to the Appeals

---

[1] The plaintiff states that she bases her complaint on "fraud and deceit, undue influence, conversion, breach of contract, breach of fiduciary duties, negligence, gross negligence, bad faith, conspiracy, intentional and negligent infliction of severe emotional distress, interference with advantageous relationships, unfair competition, interference with prospective advantage and investment opportunities and fraudulent conveyance."

The plaintiff sought the following, among other things, as relief: a full and complete accounting of the couple's business ventures; dissolution of a corporation formed by the couple; conveyance by the defendant of property to the plaintiff; and treble damages, attorneys' fees and costs pursuant to G. L. c. 93A, §§ 2-11 (1984 ed.).

[2] The plaintiff also named as defendants: John P. Garrity, David B. Garrity, and T. Edmund Garrity, trustees of the Helen B. Garrity Trust; and Cooperative Bank of Concord, BayBank Harvard Trust, Coolidge Bank and Trust, and Shawmut County Bank. The judge dismissed the complaints against these defendants. The plaintiff appeals only the dismissal of the complaint against the defendant.

[3] In his motion, the defendant also asserted "there is a complete and total failure to clearly delineate and set forth a claim upon which relief can be granted to the Plaintiff on any single one of the theories stated . . . ."

[4] According to the record, neither party has filed for separation or divorce.

[5] The record simply indicates the dismissal of the complaint by the motion judge without opinion. Both counsel indicate that all the conversations and colloquies with the motion judge focused on the issue of interspousal immunity.

Court. We transferred the case to this court on our own motion. We affirm on the ground that the complaint fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Mass. R. Civ. P. 8 (a) (1) and (e) (1), 365 Mass. 749 (1974).[6] The plaintiff, however, is entitled to an opportunity to file an amended complaint.

A complaint "need not state with precision all elements that give rise to a legal basis for recovery . . . . [It] must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial" (footnote omitted). 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1216, at 120-123 (1969 ed.). The complaint must notify a defendant fairly of the "nature of the claim and the grounds on which the plaintiff relies." *Druker* v. *Roland Wm. Jutras Assocs.,* 370 Mass. 383, 385 (1976). See *Mmoe* v. *Commonwealth,* 393 Mass. 617, 618 (1985); Wright & Miller, *supra* at 120. "Each averment of a pleading shall be simple, concise, and direct." Mass. R. Civ. P. 8 (e) (1), 365 Mass. 750 (1974). The rambling complaint fails to separate the various allegations into a short and plain statement of claims. The complaint therefore was subject to dismissal on that ground.

We comment briefly on the complaint in light of the defendant's contentions. The only claims in the complaint for personal injury tort recovery, claims to which the doctrine of interspousal tort immunity might apply, are based on negligent and intentional infliction of emotional distress. There is no right of action for emotional distress caused by negligence absent at least an allegation that the plaintiff suffered physical harm as a result of the emotional distress. *Payton* v. *Abbott Labs,* 386 Mass. 540, 555 (1982). There is no such allegation in this case. Further, a claim of intentional infliction of emotional distress is supported only if the defendant's conduct is extreme

---

[6] Appellate counsel for the plaintiff did not draft the complaint.

or outrageous. *Id.* at 547 & 555. See *Boyle* v. *Wenk,* 378 Mass. 592 (1979). The complaint does not allege any extreme or outrageous conduct. Thus, these counts in the complaint correctly were dismissed.[7]

The complaint alleges that the plaintiff and the defendant were the sole stockholders, directors, and officers of a close corporation engaged in a real estate practice. The complaint asserts that the defendant failed to account to the plaintiff or to pay her an agreed upon amount as a retainer for her professional services to the corporation.[8] The complaint further alleges that because the defendant violated his fiduciary duties, the plaintiff resigned from the corporation and as a result the corporation is deadlocked. The complaint seeks dissolution of the deadlocked corporation and an accounting of the assets. This claim correctly was dismissed because a complaint for dissolution of a deadlocked corporation must be filed in the Supreme Judicial Court. See G. L. c. 156B, § 99(*b*) (1984 ed.).[9] Thereafter, the action may be transferred. G. L. c. 211, § 4A (1984 ed.).

The complaint also alleges that the defendant used assets and monies from the closely held corporation and from the rental of a jointly owned office building as well as personal money of the plaintiff to amass a large inventory of rare stamps, postcards, and artifacts for a partnership between the plaintiff and the defendant. The partnership was to be a retail

---

[7] We add that conduct which may be tortious between strangers "may not be tortious between spouses because of the mutual concessions implied in the marital relationship." *Brown* v. *Brown,* 381 Mass. 231 (1980), quoting *Lewis* v. *Lewis,* 370 Mass. 619, 629-630 (1976). "Acts that are reasonable in view of the close relation, and carelessness in the operation of the home or in common activities should be distinguished from conduct not so referable and which would be actionable if the parties were not husband and wife." McCurdy, Personal Injury Torts Between Spouses, 4 Vill. L. Rev. 303, 338 (1959). The concept of consent has a broad application when a tort is alleged in the marriage context. See *Beaudette* v. *Frana,* 285 Minn. 366, 372 (1969); Restatement (Second) of Torts § 895F comment h; § 895G comment k (1979).

[8] The plaintiff is an attorney.

[9] Obviously, interspousal immunity is inapplicable to a petition for dissolution of a deadlocked corporation.

operation selling the artifacts. The complaint seeks an accounting of these partnership assets.[10] The complaint also asserts that the plaintiff loaned the defendant money and that the defendant has refused to repay the plaintiff. The defendant concedes that the plaintiff had "statutory authorization to make contracts with the [d]efendant." See G. L. c. 209, § 2 (1984 ed.);[11] *Klapacs's Case*, 355 Mass. 46, 49 n.3 (1968). See also *Jorden* v. *Ball*, 357 Mass. 468, 471 (1970). He asks, however, that we limit G. L. c. 209, § 2, to antenuptial agreements, separation agreements, and reconciliation agreements. The clear language of the statute indicates that the Legislature conferred on a married woman the broad right to contract, including the right to contract with her husband.[12]

The complaint asserts that the defendant wrongfully and fraudulently conveyed property in which the plaintiff had an interest to others in trust in order to defraud the plaintiff. Further, the complaint alleges that the defendant converted some of the plaintiff's property to his own use. The complaint further suggests that the defendant violated his fiduciary duties in his capacity as trustee for land he held in trust for the

---

[10] The complaint is unclear as to whether the defendant currently is operating the partnership.

[11] General Laws c. 209, § 2 (1984 ed.), provides: "A married woman may make contracts, oral and written, sealed and unsealed, in the same manner as if she were sole and may make such contracts with her husband."

[12] Other States with statutes similar to G. L. c. 209, § 2, have interpreted those statutes as granting married women the broad, unimpeded right to contract. For example, the Illinois court said that its Legislature, in passing a statute in 1874 allowing a wife to contract as if she were unmarried, "intended to remove all restrictions on [husbands' and wives'] power to contract with each other." *Thomas* v. *Mueller*, 106 Ill. 36, 41-42 (1883). See *Crum* v. *Sawyer*, 132 Ill. 443, 455 (1890); Ill. Rev. Stat. c. 40, § 1006 (1980). See also Ark. Stat. Ann. § 55-401 (1971), discussed in *Quinn* v. *Stuckey*, 229 Ark. 956, 957 (1959); Ky. Rev. Stat. § 404.020 (1984), discussed in *Smith* v. *Butt & Hardin*, 281 Ky. 127, 130 (1939); N.Y. Gen. Oblig. Law § 3-301 (McKinney 1978), discussed in *Fleck* v. *Fleck*, 47 Misc. 2d 454 (N.Y. Sup. Ct. 1965); N.D. Cent. Code § 14-07-05 (Supp. 1985), discussed in *Riebe* v. *Riebe*, 252 N.W.2d 175, 178 (N.D. 1977); Ohio Rev. Code Ann. § 3103.15 (Page 1986), as discussed in *In re Lange's Estate*, 91 N.E.2d 546, 547 (Ohio App. 1949); Wis. Stat. Ann. § 766.97 (West 1986 Supp.), discussed in *Sparks* v. *Kuss*, 195 Wis. 378, 389 (1928).

plaintiff. Interspousal immunity is inapplicable to these claims. Courts may hear and decide complaints to enforce trusts and to resolve other conflicting property claims including those between husband and wife. See *Baxt* v. *Baxt,* 320 Mass. 762 (1946); *Lombard* v. *Morse,* 155 Mass. 136, 140 (1891). Thus, the defendant's assertion that these claims concerning property are barred by interspousal immunity is erroneous.[13]

We affirm the order dismissing the complaint because it fails to meet the requirements of Mass. R. Civ. P. 8. The plaintiff has leave to amend her complaint within sixty days from receipt of the rescript in the Superior Court.

*So ordered.*

---

[13] The defendant makes somewhat inconsistent statements. He asserts that the claims are barred by interspousal immunity and that the only court which may hear these claims is the Probate and Family Court. Neither contention is correct. If a claim is barred by interspousal immunity, it may not be maintained in any court. Further, if cases between the same parties are filed in different departments of the Trial Court, the Court Reorganization Act permits those cases to be consolidated for trial. See G. L. c. 211B, inserted by St. 1978, c. 478, § 110; *Custody of a Minor (No. 1)*, 391 Mass. 572, 578-579 (1984).