McCann, J.

INTRODUCTION

The plaintiffs, Susan M. Arsenault individually and as Executrix and Kenneth Arsenault, are represented by Vincent Pusateri, Jr., Esq. The defendants, Erik Euvrard, Sharon Euvrard, League 145, Erik’s Pro Shop, Arena Sports, Inc., and A&E Sports, Inc., are represented by Williams. Rogers, Jr., Esq. and Robert B. Gibbons, Esq. The complaint is in the following eight counts: (I) stockholder’s derivative action: (II) petition to judicially dissolve a corporation: (III) breach of fiduciary duty; (IV) breach of duty of care; (V) breach of contract; (VI) breach of contract; (VII) constructive trust; (VIII) money had and received.
An answer of general denial was filed along with seventeen affirmative defenses.
The plaintiffs-in-counterclaim have brought the following five counts in counterclaim: (I) stockholder’s derivative action; (II) breach of duty of good faith and loyalty; (III) breach of partnership agreement; (IV) defamation; and (V) negligence and breach of duty as an officer.
The plaintiffs have filed a Motion for a Judgment on the Pleadings on Count II only of the Plaintiffs’ Complaint and seek the appointment of a receiver and the ordering of the dissolution of the defendant corporation A&E Sports, Inc.
The defendants oppose the motion for a Judgment on the Pleadings on Count II and have filed a Cross Motion to Dismiss Count II.

FACTUAL BACKGROUND

Susan Arsenault, a plaintiff, is a fifty-percent stockholder of A&E Sports, Inc. On October 2, 1997, she called for a special meeting of stockholders of A&E Sports, Inc. to be held on October 9, 1997, by having a notice of meeting served on the corporate clerk, Sharon Euvrard. The meeting was originally to take place at 270 Central Street, Gardner, Massachusetts, but by agreement of the parties was held at the law offices of Solar & Kilcoyne in Leominster, Massachusetts. One of the purposes of the meeting was to resolve matters concerning the management of corporate affairs. The officers purported to be unanimously in agreement at the meeting, however, the defendant and clerk, Sharon Euvrard, refused to acknowledge unanimily by refusing either to sign the proposed minutes of the meeting or to create her own. Another purpose of the meeting was to elect successor directors. That was not done. The bylaws of A&E Sports, Inc. provide that each director shall hold office until the next annual meeting and until his successor is chosen and qualified. The shareholders are presently deadlocked in voting powers and have failed to elect successor directors and consequently are seeking to dissolve the corporation by judicial dissolution.

DISCUSSION

G.L.c. 156B, §99 provides in pertinent part as follows:
A petition for dissolution of a corporation may be filed in the Supreme Judicial Court in the following cases:
(a) A corporation which desires to close its affairs may authorize the filing of such petition by a vote of a majority of each class of its stock outstanding and entitled to vote their on;
(b) Such petition may be filed by the holder or holders of not less than 40% of all the shares of its stock outstanding and entitled to vote their on, treating all classes of stock entitled to vote as a single class for the purpose of determining whether the petition is brought by the holders of not less than 40% of the outstanding shares as aforesaid, if:
(1) The directors are deadlocked in the management of corporate affairs and the shareholders are unable to break the deadlock; or
(2) The shareholders are deadlocked in voting powers and have failed to elect successors to directors whose terms have expired or would have expired upon the election of their successors.
This c. 156B, §99, prior to 1965, provided that a corporation desiring to close its affairs may authorize a petition for its dissolution to be filed in the Supreme Judicial or Superior Court by a vote of a majority of shares of each class of stock. The statute was amended in 1965 by statute St. 1965, c. 685, §44, an emergency act approved September 9, 1965 and by §57 made effective October 1, 1965, rewriting the section by deleting the Superior Court and leaving jurisdiction solely with the Supreme Judicial Court.
This Court rules that the Superior Court has no jurisdiction to judicially dissolve a corporation in the facts presented to this Court. Garrity v. Garrity, 399 *514 Mass. 367 (1987), Cain v. Cain, 3 Mass.App.Ct. 467 (1975). Plaintiffs’ Motion for Judgment on the Pleadings on Count II is DENIED. The Defendants’ Cross Motion to Dismiss Count II of the Plaintiffs’ Complaint is ALLOWED.

ORDER

The Motion for Judgment on the Pleadings by the plaintiffs Kenneth Arsenault and Susan M. Arsenault is DENIED.
The Cross Motion to Dismiss Count II by the defendants Erik Euvrard, Sharon Euvrard, individually and d/b/a League 145 and/or Erik’s Pro Shop and/or Arena Sports, Inc. and A&E Sports, Inc. is ALLOWED.