Tuttman, Kathe M., J.
Plaintiff Diane Spartaro is a social worker employed by the defendant Massachusetts Department of Social Services (“DSS”). In this two-count complaint, she alleges invasion of her privacy pursuant to G.L.c. 214, §1B[2] and violations of public policy. This matter came before the Court for hearing on the defendants’ Motion for Judgment on the Pleadings pursuant to Mass.R.Civ.P. 12(c). The defendants assert that the plaintiff s claim for invasion of privacy against DSS is barred by the immunity provisions of G.L.c. 258, §10(c); that the plaintiff has failed to alleged any facts to support her claim for invasion of privacy against defendant John Doyle; and that she has failed to state a claim upon which relief can be granted as to either defendant for the alleged violations of public policy. For the reasons discussed below, the motion is ALLOWED in part and DENIED in part.
BACKGROUND
Dianne Spartaro (“Spartaro”) has been employed as a social worker by DSS since 1993. In June 2004, DSS received an anonymous telephone tip claiming that Spartaro was involved in a romantic relationship with a former DSS client, James M. Spartaro was assigned as James M.’s social worker during 1993 and until he turned eighteen in 1994. DSS policy prohibits a social worker from engaging in a romantic relationship with a current client. After receiving the tip, DSS made inquiries of Spartaro regarding the nature of her relationship with James M. By letter dated September 16, 2004, Spartaro informed DSS that she would not respond to inquiries regarding her current intimate associations, as such inquiries would constitute an invasion of privacy. She did agree to participate in the DSS investigation to the extent DSS sought to determine whether she had ever had a romantic involvement with a DSS client in violation of DSS policy. In October 2004, DSS informed Spartaro by letter that, because she had refused to respond to its inquiries, she would be placed on administrative leave without pay while DSS conducted an investigation into the allegations. To that end, DSS began interviewing its employees in the Lynn Area Office and inquiring about Spartaro’s personal intimate relationships and conduct, including her relationship with her ex-husband and issues of alleged domestic violence.
DISCUSSION
A Rule 12(c) motion challenges the legal sufficiency of the complaint. Burlington v. District Attorney for N. Dist., 381 Mass. 717, 717-18 (1980). Thus, it is analyzed under the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The Court considers such motions . in light of the principles that: (a) the allegations in the complaint, as well as such reasonable inferences as may be drawn therefrom in favor of [the plaintiff], are to be taken as true . . . and (b) a complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ “ Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 239 (1991), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and Nader v. Cintron, 372 Mass 96, 98 (1977) (other citations omitted). The plaintiff’’need only surmount a minimal hurdle to survive amotion to dismiss for failure to state a claim." Bell v. Mazza, 394 Mass. 176, 184 (1985). A complaint is not subject to dismissal if it could support relief under any theory. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
I. Invasion of Privacy by DSS
The Massachusetts Tort Claims Act, G.L.c. 258, establishes immunity for public employers from “any claim arising out of an intentional tort, including . . . invasion of privacy ...” committed by a public employee acting within the scope of his employment. G.L.c. 258, §2; §10(c). See Lafayette Place Assocs. v. Boston Redevelopment Auth., 427 Mass. 509, 535 (1988). As a “department” of the Commonwealth, DSS is a public employer as defined in G.L.c. 258, §1. Because the plaintiff asserts that DSS employees acting within the scope of their employment engaged in the alleged tortious conduct that forms the basis of her complaint, her claim against DSS for invasion of privacy must fail as a matter of law.
II. Invasion of Privacy by Area Director John Doyle
The complaint comports with the requirements of Mass.R.Civ.P. 8(a)(1). It sets forth a “short and plain statement” of the plaintiff s claim for invasion of privacy against DSS Lynn Office Area Director John Doyle, by alleging the disclosure “by DSS” of information of a highly personal or intimate nature to Spartaro’s co-workers. Bratt v. Int’l Bus. Mach. Corp., 392 Mass. 508, 517-19 (1984). This is sufficient to adequately inform the defendants of the “nature of the claim and the grounds on which the plaintiff relies.” Garrity v. Garrity, 399 Mass. 367, 369 (1987), quoting Drucker v. Wm. Jutras Assocs., 370 Mass. 383, 385 (1976). Although Doyle is not accused in the body of the complaint of personally engaging in the allegedly tortious conduct, his identification as the Area Director for the Lynn DSS Office raises a reasonable inference of his involvement at a supervisory level. The plaintiff is entitled to all inferences that may reasonably be drawn in her favor. General Motors Acceptance Corp. v. Abington Cos. Ins. Co., 413 Mass, 583, 584 (1992). Accordingly, the defendants’ motion must be denied as to the invasion of privacy claim against John Doyle.
*735 III. Public Policy Claims
Count II of the complaint alleges that the defendants violated public policy by placing Spartaro on unpaid administrative leave when she refused to answer inquiries about her intimate, personal associations. The complaint further alleges that Spartaro’s refusal was based on her belief that the inquiries violate her privacy. These allegations are sufficient to make out a claim for retaliation pursuant to G.L.c. 149, §185(b). The statute states in pertinent part:
[An] employer shall not take any retaliatory action against an employee because the employee . . . objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of a law, or a rule or regulation promulgated pursuant to a law which the employee reasonably believes poses a risk to public health, safely or the environment.[3]
Additionally, drawing all reasonable inferences in favor of the plaintiff, the complaint sets forth a cause of action for wrongful termination in violation of public policy. “Redress is available for employees who are terminated for asserting a legally guaranteed right. . . for doing what the law requires ... or for refusing to do that which the law forbids.” Smith-Pfeffer v. Superintendent of the Walter E. Fernald State Sch., 404 Mass 145, 149-50 (1989). Although the plaintiff here was not terminated, her placement on unpaid administrative leave raises an issue of constructive discharge for purposes of this cause of action. See GTE Products Corp. v. Stewart; Langford, 421 Mass. 22, 33-35 (1995). The plaintiff was placed on unpaid administrative leave because she asserted what she believed to be a legally protected right to be free of unwarranted invasion of her privacy.
The plaintiffs characterization of the claims in Count II as “violations of public policy” does not prohibit her from proceeding on any viable legal theory that is adequately supported by the facts asserted. “The Massachusetts Rules of Civil Procedure do not require that a complaint set forth its jurisdictional basis, and [the plaintiffs] failure to do so is at worst only a minimal defect.” Villages Development Co. v. Secretary of Environmental Affairs, 410 Mass. 100, 108 (1991). Dismissal is therefore not warranted on Count II of the complaint.
ORDER FOR JUDGMENT
For the foregoing reasons, it is hereby ORDERED that the defendants’ Motion to Dismiss is ALLOWED as to the allegations against DSS in Count I (invasion of privacy) and DENIED as to the allegations against John Doyle in Count I (invasion of privacy) and as to Count II in its entirety. Accordingly, judgment shall enter for the defendant DSS on so much of the complaint as alleges invasion of privacy against DSS only.

G.L.c. 214, § 1B provides: “A person shall have a right against unreasonable, substantial or serious interference with his privacy. The superior court shall have jurisdiction in equity to enforce such right and in connection therewith to award damages.”

As an agency of the Commonwealth, DSS in an employer as defined in G.L.c. 149, § 185(a)(2).